UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X  04 CV 4971 (NG) (MDG)
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                      **Plaintiff,**

   **-against-**                                                  <u>**ORDER**</u>

OLYMPIA MORTGAGE CORPORATION;
LIEB PINTER; ALAN J. BRAUN & COMPANY;
MARCUS PINTER; ABE DONNER; ALAN J.
BRAUN; MIRIAM GOLDSTEIN; BARRY
GOLDSTEIN; ZESHA AUERBACH;
1716 REALTY CORPORATION; and SHAINDY
PINTER,

                      **Defendant(s).**
------------------------------------------------------------------X

**GERSHON, United States District Judge:**

      The court-appointed Receiver for a mortgage company that is alleged to have perpetrated a massive fraud seeks an injunction restricting the forum in which claims against the company may be litigated. For the reasons set forth below, the requested injunctive relief is denied.

## BACKGROUND

      Plaintiff Federal National Mortgage Association ("Fannie Mae") filed suit against defendants Olympia Mortgage Company ("Olympia") and various individuals and entities with an interest in that company, claiming fraud and breach of contract. Fannie Mae is a government-sponsored private corporation whose mission includes increasing the availability and affordability of homeownership for low-, moderate-, and middle-income Americans. *See* 12 U.S.C. §§ 1716-1719. Fannie Mae does

1

not originate mortgage loans, but, rather, purchases loans from mortgage lenders in the secondary mortgage market. Olympia is a mortgage lender and servicer. According to plaintiff, Fannie Mae purchased thousands of mortgages originated by Olympia, retaining Olympia to service those mortgages. Plaintiff alleges that Olympia engaged in a fraudulent scheme, involving at least 260 loans, as follows: When borrowers attempted to pay off their existing loans through refinancing, defendants failed to notify Fannie Mae. Instead, they collected the pay off amounts for themselves, but continued to make monthly payments on the loans and reported the status of the loans as "active" in an effort to prevent Fannie Mae from learning of the refinance.

On consent of the parties, the court appointed a Receiver for Olympia and empowered her to take all necessary and appropriate steps to secure and protect the assets and property of Olympia. The Receiver now moves the court to enter an injunction that would restrict any party given notice of it from initiating or maintaining an action against Olympia in a forum other than this court without first obtaining leave of this court. According to the Receiver, the proposed injunction is designed to channel all litigation against the assets of the receivership estate into one forum to ensure an equitable and efficient administration of the claims of all parties having an interest in the assets. At the time of briefing, seven lawsuits, in addition to the instant action, were pending against Olympia: three in the Eastern District of New York, one in the District of New Jersey, and three in New York Supreme Court, Kings County. An eighth lawsuit against Olympia had already been settled. The Receiver believes that additional lawsuits may be filed in the future.

The Receiver indicates that, should the requested relief be granted, it is not her intention to enforce the injunction against all litigants suing Olympia. Instead, she intends to exercise discretion in such enforcement. She declares: "If the Proposed Order is entered, it is not my intention to notify

all litigants against Olympia of the injunction. It may be in the interest of the Receivership to allow certain litigations against Olympia to proceed in other forums. I will therefore consider all of the circumstances on a case-by-case basis." Balmer Decl. ¶ 45.

Independence Community Bank ("ICB"), which has a lawsuit pending against Olympia in state court, was granted leave to intervene for the limited purpose of opposing the Receiver's motion. ICB argues that the Anti-Injunction Act, codified at 28 U.S.C. § 2283, precludes this court from enjoining the pending state court actions, and that, in any event, the court should decline to issue the proposed injunction because it would be unfair to ICB and other litigants with claims pending against Olympia.

## DISCUSSION

Among the inherent powers of a federal court is the authority, codified in the All Writs Act, 28 U.S.C. § 1651, "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Telephone Co.*, 434 U.S. 159, 172 (1977) (citations omitted). Pursuant to this inherent power, a federal court may enjoin actions in other jurisdictions that would undermine its ability "to reach and resolve the merits of the dispute before it." *In re Baldwin-United Corporation*, 770 F.2d 328, 338-39 (2d Cir. 1985). When a court has appointed a receiver and obtained jurisdiction over the receivership estate, the power to stay competing actions falls within the court's inherent power to prevent interference with the administration of that estate. *Securities and Exchange Commission v. Credit Bancorp, Ltd.*, 93 F. Supp. 2d 475, 477 (S.D.N.Y. 2000) (Sweet, J.). This power, however, is circumscribed by the Anti-Injunction Act, 28 U.S.C. § 2283,

which prohibits a federal court from staying pending state court proceedings "except as expressly authorized by Act of Congress, or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. §2283; *see generally*, *Standard Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58, 60 (2d Cir. 1990).

Without deciding whether the court has the authority to issue the requested relief, I am denying the Receiver's motion for an injunction because I am not persuaded that it will result in either a more equitable or a more efficient administration of claims against Olympia than exists under the status quo.

The Receiver expresses concern that the value of the claims against Olympia may exceed the value of Olympia's assets, and that, as a result, the first claimant to obtain a judgment may recover a disproportionate share. But a receivership is not a substitute for bankruptcy proceedings. *See Securities and Exchange Commission v. American Board of Trade, Inc.*, 830 F.2d 431, 436-38 (2d Cir. 1987) ("[T]he functions undertaken by the district court in this case demonstrate the wisdom of not using a receivership as a substitute for bankruptcy.").

The Receiver also argues that defending multiple lawsuits is a drain on her time, as well as Olympia's financial resources. But the proposed injunction would not preclude pending lawsuits from going forward, nor future lawsuits from being filed; it would only restrict the forum in which such lawsuits could proceed. Thus, the Receiver would have to defend the same number of lawsuits whether the injunction issues or not. Moreover, all of the pending lawsuits were filed in courts in the New York City metropolitan area. Given the local nature of Olympia's former business dealings, there is no reason to suppose that future lawsuits, if any, would be geographically dispersed.

The facts before the court provide no basis for me to conclude that the other lawsuits pending

against Olympia, or similar lawsuits that may be filed in the future, are likely to threaten the administration of the receivership estate.

## CONCLUSION

For the reasons set forth above, the Receiver's motion for an injunction is denied.

                                        **SO ORDERED.**

                                        /S/
                                      **NINA GERSHON**
                                        **United States District Judge**

Dated:       Brooklyn, New York
                September 9, 2005