UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

               Plaintiff,    <u>ORDER</u>

                                 CV 2004-4971 (NG)(MDG)

    - against -

OLYMPIA MORTGAGE CORPORATION,
<u>et</u> <u>ano</u>,

               Defendants.

- - - - - - - - - - - - - - - - - -X

    As stated at a discovery hearing on March 30, 2007, the motion of Karen Balmer, Receiver of Olympia Mortgage Corporation ("Olympia"), to compel release of potentially privileged documents she obtained is denied since the doctrine of inadvertent waiver is not applicable here.  These documents are contained in nine boxes containing records of various entities controlled by defendant Samuel Pinter, many of which are named as defendants in this action, and were obtained by the Receiver when she responded to the request of Samuel Pinter to remove documents of Olympia stored in the basement of 1716 Coney Island Avenue.  As the Receiver acknowledged, she took possession of the documents thinking that they belonged to Olympia since many other documents of Olympia had previously been stored in the same basement.

    "While voluntary or inadvertent disclosure of documents may result in a waiver of privilege, involuntary or compelled

disclosure does not give rise to a waiver." In re Parmalat Sec. Litig., No. 04 MD 1653, 2006 WL 3592936, at *4 (S.D.N.Y. Dec. 1, 2006); see Duttle v. Bankler & Kass, 127 F.R.D. 46, 56 n.5 (S.D.N.Y. 1989); SEC v. Forma, 117 F.R.D. 516, 523 (S.D.N.Y. 1987). Courts applying the doctrine of waiver by inadvertent production have generally done so in the context of disclosure of documents in response to formal document demands in a litigation. That doctrine has not been extended outside the context of formal discovery to include the circumstances at issue here. See, e.g., United States v. Zolin, 809 F.2d 1411, 1417 (9th Cir. 1987) (tapes delivered to third party under the mistaken impression that they were blank "was sufficiently involuntary and inadvertent as to be inconsistent with a theory of waiver"); In re Parmalat, 2006 WL 3592936, at *4 (seizure by Italian authorities did not constitute waiver of privilege); Sackman v. Liggett Group, Inc., 173 F.R.D. 358 (E.D.N.Y. 1997) (assertion of privilege "is not waived through public disclosure of a stolen privileged document").

Moreover, while Mr. Pinter may have been negligent in failing to examine the contents of the boxes prior to requesting their removal, his unknowing release of the potentially privileged documents into the Receiver's possession cannot be characterized as either voluntary or inadvertent under the circumstances.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 30, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE