```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
- - - - - - - - - - - - - - - - - X

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                                        <u>ORDER</u>

                 Plaintiff,

                               CV 2004-4971 (NG)(MDG)

      - against -

OLYMPIA MORTGAGE CORPORATION, <u>et</u> <u>al.</u>,

                 Defendants.

- - - - - - - - - - - - - - - - - X

    By letter filed on July 23, 2007 (ct. doc. 384), Giachinno Russo, counsel of record for defendants 1716 Realty Corporation, Kahal Shomrei Hadath and 6401 Bingle Corporation, seeks an extension of discovery in order to review documents of Midwood Credit Union ("Midwood") concerning loans to defendants "Samuel Pinter and his relatives and related companies and corporations." He argues that he did not become aware of the importance of the documents until after the recent deposition of Mary Reilly. Samuel Pinter, defendant <u>pro</u> <u>se</u>, has separately written the Court to seek the same documents.

    Neither Mr. Russo nor Mr. Pinter participated in the deposition of Ms. Reilly when other parties did and they belatedly sought permission to do so after the expiration of the deadline for discovery unrelated to the Receiver's report. Nonetheless, this Court extended the deadline to give these defendants the opportunity to do so because fact discovery

concerning the Receiver's report had yet to be completed.  <u>See</u> minute entry for conference on 5/8/07.  Mr. Russo's application makes clear that he proceeded to depose Ms. Reilly without having conducted any examination of the Midwood documents, which had previously been made available.  His belated realization of the importance of the documents hardly amounts to "good cause" for an extension.

Moreover, as Eric Grannis, the Receiver's counsel notes, none of Mr. Russo's clients were involved in any Midwood loans.  Thus, this Court shares the Receiver's concern that Mr. Russo is, in fact, the attorney for Mr. Pinter and both are deliberately attempting to use Mr. Pinter's <u>pro</u> <u>se</u> status as a means to obtain discovery belatedly that would otherwise be disallowed.  Mr. Russo and Mr. Pinter are warned that unless Mr. Russo enters an appearance on behalf of Mr. Pinter, future submissions made by Mr. Russo which do not pertain to clients he represents will be ignored by the Court.

Despite the delay of Mr. Stein and Mr. Russo in accomplishing withdrawal of Mr. Stein as attorney of record for some of these defendants, as addressed in an order to be separately filed on this date, this Court grants Mr. Russo's application, in part, as to the clients he now represents or has sought to represent.  Besides 1716 Realty Corporation, Kahal Shomrei Hadath and 6401 Bingle Corporation, Mr. Russo has more recently stated he seeks to appear on behalf of Basi Nierenberg,

-2-

Charles Pinter, David Pinter, Moishe M. Pinter, Sarah Pinter and Abraham Pinter. Since this Court understands that there were no loans involving the entity defendants represented by Mr. Russo, the plaintiff or Receiver are directed either to provide copies of loan documents, including backup documents, concerning these six individual defendants, or give Mr. Russo the opportunity to inspect the documents.

Because Samuel Pinter is pro se, this Court grants his request for documents only to the following extent: the plaintiff or Receiver are directed either to provide copies of loan documents, including backup documents, concerning loans for which Samuel Pinter is personally liable, or give Mr. Pinter the opportunity to inspect the documents.

Any inspection or production of documents to the extent ordered herein must be completed by October 4, 2007. No further requests for additional discovery will be permitted.

**SO ORDERED.**

Dated: Brooklyn, New York
September 18, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

SAMUEL PINTER
1716 Coney Island Avenue
Brooklyn, NY 11230