UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                Plaintiff,

                               ORDER
   - against -
                               CV 2004-4971 (NG)(MDG)
OLYMPIA MORTGAGE CORPORATION, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - X

    By letter motion filed August 21, 2007, Michael Lynch, counsel for defendant Marcus Pinter seeks to preclude Karen Balmer, the Receiver for defendant and cross-claim defendant Olympia Mortgage Corporation, from presenting an expert in rebuttal to the certified public accountant expert that Mr. Pinter has retained. See ct. doc. 368. As counsel for the Receiver concedes, he had intended to forgo use of an expert with respect to Olympia's accounting malpractice claim against Mr. Pinter, but has now decided to retain a rebuttal expert after Mr. Pinter timely produced an expert report. See letter of Eric Grannis filed August 28, 2007 at 1-2 (ct. doc. 397).

    In the Second Circuit, courts determining whether a party is entitled to an extension of the deadline for her expert report and disclosures consider the following four factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having

to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955, 961 (2d Cir. 1997); see also Wolak v. Spucci, 217 F.3d 157 (2d Cir. 2000).

Much as this Court is loathe to make a decision which would further delay completion of discovery in this case, I find that the relevant factors weigh in favor of permitting the Receiver to retain an expert. While the Receiver should have anticipated that Mr. Pinter would retain an expert to defend himself against the malpractice claim brought, the Receiver's original decision to proceed without an expert is not without basis. Ms. Balmer has extensive experience as a certified public accountant and certified forensic accountant, a background which undoubtedly influenced Judge Gershon's decision to accept the recommendation of former counsel for plaintiff Federal National Mortgage Association that she be appointed as receiver. See ct. doc. 7 at 1, 3. In any event, as New York courts have recognized, "expert evidence on the professional's duty of care may be dispensed with where 'ordinary experience of the fact finder provides sufficient basis for judging the adequacy of the professional service...'" Estate of Nevelson v. Carro, Spanbock, Kaster & Cuiffo, 259 A.D.2d 282, 283-84, 686 N.Y.S.2d 404, 405-06 (1st Dep't 1999) (citations omitted).

Moreover, the vigor with which defendant argues over the necessity for an expert to establish the accounting malpractice claim merely underscores the potential importance of such

testimony in a case such as this. Other than the tactical advantage Mr. Pinter may realize if this Court ordered preclusion, any prejudice to Mr. Pinter at this state of proceedings is readily addressed through a short extension of the expert discovery schedule. In light of the contemplated motions, a modest extension will not have a significant impact on a trial date, which has yet to be scheduled. Nor should an extension affect the schedule for pre-motion letters previously set, other than with respect to any motion regarding the accounting malpractice claim.

CONCLUSION

For the foregoing reasons, the discovery schedule is extended only for the following: the Receiver must submit expert disclosures and report from an accounting expert by October 10, 2007; any supplemental expert report by Mr. Pinter's expert must be served by October 21, 2007 and expert depositions completed by November 8, 2007. Should Mr. Pinter still wish to file a motion for summary judgment with respect to the accounting malpractice claim, he may file a separate request for a pre-motion conference with respect to this claim by November 19, 2007 and any response must be filed by November 27, 2007. The remaining schedule remains unchanged.

**SO ORDERED.**

Dated: Brooklyn, New York
September 18, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE