```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,                                        ORDER

                                                    CV 2004-4971 (NG)(MDG)
                    Plaintiff,

        - against -

OLYMPIA MORTGAGE CORPORATION, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - -X
```

This order addresses the question of representation of several of the parties in this action by Jonathan Stein and the representation of multiple defendants by the same attorney. Clarification of these matters is now imperative with discovery near completion and many defendants contemplating yet another set of dispositive motions.

Representation of Cross-Claim Defendants
Previously Represented by Jonathan Stein

Jonathan Stein was originally counsel of record for Samuel Pinter, 6401 Bingle Corporation, Basi Nierenberg, Charles Pinter, David Pinter, Hadassah Pinter, Moishe M. Pinter, Sarah Pinter, S&F Ocean Realty, Sam Pinter & Associates, Z&S Realty, Kahal Shomrei Hadath, Fagie Pinter and 1716 Realty Corporation. Although Mr. Stein announced in a letter dated July 2, 2006 that he would "be making a motion to withdraw as counsel for Mr. [Samuel] Pinter and his related parties," (ct. doc. 240) and was ordered to do so numerous times, Mr. Stein has never filed such a

motion.  See, e.g., ct. doc. 253 and electronic order dated 9/11/06.  Nonetheless, because Samuel Pinter agreed at a conference on September 12, 2006 that he did not want Mr. Stein to represent him and the entities he controlled, this Court permitted Mr. Stein to withdraw as counsel for Samuel Pinter, 1716 Realty Corporation and Kahal Shomrei Hadath.  See ct. doc. 263 and minute entry for conference on 9/12/06.  However, this Court also reminded Mr. Stein he remained counsel of record for 6401 Bingle Corporation, Basi Nierenberg, Charles Pinter, David Pinter, Moishe M. Pinter, Sarah Pinter, S&F Ocean Realty, Sam Pinter & Associates, Z&S Realty and Fagie Pinter.  Id. Inexplicably, Mr. Stein still did not file a motion despite being directed in an order electronically filed on November 6, 2006 to appear at a conference to discuss his continued representation of these defendants and an order dated November 7, 2006.  As I warned, "so long as he remains counsel of record for these parties, he will be expected to attend conferences in this matter and otherwise continue his representation."  Ct. doc. 283.

At the November 8, 2006 conference, this Court nonetheless authorized withdrawal of Mr. Stein as counsel for 6401 Bingle Corporation "[s]ince Samuel Pinter, as President of 6401 Bingle Corporation, stated that he consented to substitution ..."  See minute entry for conference on 11/8/06.  However, this Court again ordered "Mr. Stein [to] immediately file his motion for leave to withdraw as counsel for Fagie Pinter, David Pinter, Sarah Pinter, S&F Ocean Realty, Sam Pinter & Associates and Z&S

-2-

Realty to be made returnable at the next scheduled conference." Id. This Court also directed that "[c]onsent to substitution of Giachinno Russo as counsel for Basi Nierenberg, Charles Pinter and Moishe M. Pinter [] be fully executed and promptly filed with an application for leave to substitute." Id. At a conference held on May 8, 2007, this Court directed Giachinno Russo to supplement his letter filed on March 16, 2007 (ct. doc. 350) regarding his representation of Basi Nierenberg, Charles Pinter, David Pinter, Moishe M. Pinter, Sarah Pinter and Abraham Pinter by providing written confirmation of their consent to his substitution as their counsel in place of Jonathan Stein. To date, that has not yet been done and Jonathan Stein, Esq. remains counsel of record for all of these individuals, except for Abraham Pinter.[1] However, in light of Mr. Stein's continuing silence in this matter, this Court will assume that he consents to substitution of Mr. Russo as counsel for Basi Nierenberg, Charles Pinter, David Pinter, Moishe M. Pinter and Sarah Pinter, unless he files an objection by September 26, 2007.

In light of the notice of appearance for Abraham Pinter that Mr. Russo attached to his March 16, 2007, this Court respectfully requests the Clerk of the Court to list Mr. Russo as counsel for Abraham Pinter on the docket sheet. Since Abraham Pinter's

---

[1] Although Mr. Stein filed an answer on behalf of 6401 Bingle Corporation, Basi Nierenberg, Charles Pinter, David Pinter, Moishe M. Pinter, Sarah Pinter, S&F Ocean Realty, Sam Pinter & Associates, Z&S Realty, Kahal Shomrei Hadath, Samuel Pinter, Fagie Pinter and 1716 Realty Corporation, see ct. doc. 187, no answer has been filed on behalf of Abraham Pinter and no counsel for him is reflected on the docket sheet.

failure to file an answer may simply have been an oversight, this Court is inclined to extend his time to answer, given the absence of a motion for default.  Any objections to such an extension must be filed by September 26, 2007.  If no objections are filed, the time for Abraham Pinter to answer or otherwise respond to the complaint is extended to October 12, 2007.

Mr. Stein remains counsel of record for Fagie Pinter, S&F Ocean Realty, Sam Pinter & Associates[2] and Z&S Realty.  This Court understands from comments made in prior proceedings that these defendants may have no desire to have Mr. Stein continue representing them.  However, these defendants risk having their interests not properly represented given Mr. Stein's disinterest in taking any further action in this action and failure to make a motion to withdraw or participate in any proceedings on their behalf this year.  This is a particularly critical juncture as discovery is close to completion and many defendants are planning to seek leave to move for summary judgment.

A hearing will be held on October 10, 2007 at 10:30 a.m. before Marilyn D. Go, United States Magistrate Judge, in Courtroom No. 11C of the United States Courthouse at 225 Cadman Plaza East, Brooklyn, New York to discuss the issue of representation by Mr. Stein and whether he should be sanctioned or otherwise disciplined for his conduct in this action.  If Mr.

---

[2] The docket sheet currently mistakenly lists Mr. Russo as counsel for Sam Pinter & Associates, even though there has not been an order permitting substitution.  This error will be corrected.

Stein moves to withdraw, he must do so on 10 days' notice to his clients. A copy of this order will be faxed to Mr. Stein and mailed to all the defendants for whom he remains counsel of record. These parties are warned that they must take appropriate measure to protect their interests.

Representation of Multiple Defendants
and Cross-Claim Defendants by Other Counsel

Almost all the attorneys representing defendants and/or cross-defendants in this action represent a number of parties. Although most, if not all, of the individual parties represented by the same attorney are closely related and the individuals represented have ownership interests in the various entity defendants also represented by that attorney, this Court is concerned that some of these parties may have interests adverse to other parties represented by the same attorney. Courts have the obligation to ensure that a party is aware of the potential conflicts facing his or her attorney. See Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). Although Dunton and subsequent reported cases dealt with the problem of multiple representation where the co-parties were a municipality and its individual employees, many of the concerns raised in Dunton exist here. For example, some of the parties had considerably more control over the operations of Olympia Mortgage Corporation than others and many of the transfers that the Receiver claims were fraudulent were allegedly channeled through many different parties. Thus, "joint representation ... of [officers] and their

employees presents a possibility for conflict of interest because "[an officer] may avoid liability by showing that the employee was not acting within the scope of his official duties" and "[t]he employee, by contrast, may partially or completely avoid liability by showing that he was acting within the scope of his official duties." Dunton, 729 F.2d at 907.

This Court directs each attorney representing multiple parties to call this Court immediately to schedule a hearing to be attended by all the clients represented in this action in order to "ensure that the attorney's client ... is fully aware of the nature of the conflict and understands the potential threat to the protection of his interests." Dunton, 729 F.2d at 908 (internal quotation and citation omitted). If the attorney believes such a hearing is not necessary or premature at this juncture, counsel may file a letter by October 4, 2007 explaining why this is the case. If the letter contains any privileged information, the letter may be faxed to the Court with a letter filed to indicate that a separate letter is being sent to the Court for sealing.

    **SO ORDERED.**

Dated:    Brooklyn, New York
           September 18, 2007

                                      /s/
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Samuel Pinter
1716 Coney Island Avenue
Brooklyn, NY 11230

Basi Nierenberg
10 Irene Court
Lakewood, NJ 08701

Charles Pinter
405 6th Street
Lakewood, NJ 08701

David Pinter
1199 East 8th Street
Brooklyn, NY 11230

Moishe M. Pinter
100 Village Path
Lakewood, NJ 08701

Sarah Pinter
1199 East 8th Street
Brooklyn, NY 11230

Fagie Pinter
1199 East 8th Street
Brooklyn, NY 11230

S&F Ocean Realty
1716 Coney Island Avenue
Brooklyn, NY 11230

Sam Pinter & Associates
1716 Coney Island Avenue
Brooklyn, NY 11230

Z&S Realty
1716 Coney Island Avenue
Brooklyn, NY 11230