**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

        **Plaintiff,**

  - against -

**OLYMPIA MORTGAGE CORPORATION, et al.,**

        **Defendants.**
-------------------------------------------------------------------x
**OLYMPIA MORTGAGE CORPORATION,**
        **Plaintiff,**

  - against -

**LEIB PINTER, et al.,**

        **Defendants.**
-------------------------------------------------------------------x

**OPINION AND ORDER**

**04 CV 4971 (NG) (MDG)**

**04 CV 4971 (NG) (MDG)**

**GERSHON, United States District Judge:**

    Defendant Samuel Pinter, Chairman and Senior Vice President of defendant Olympia Mortgage Corporation ("Olympia"), brings derivative and individual counterclaims against plaintiff Federal National Mortgage Association ("Fannie Mae") for Fannie Mae's failure to detect fraud perpetrated by Olympia. Pinter asserts claims for breach of contract, breach of fiduciary duty, negligent misrepresentation, fraudulent concealment, unjust enrichment, and civil and criminal conspiracy. Pinter also asserts affirmative defenses against Fannie Mae. Fannie Mae now seeks dismissal of Pinter's counterclaims for lack of standing and failure to state a claim. Fannie Mae also seeks to strike two of the ten affirmative defenses. For the reasons set forth below, Fannie Mae's motion is granted.

1

# FACTS

The counterclaims arise from a suit brought on November 16, 2004, by Fannie Mae against defendants Olympia and various individuals and entities with an interest in that company, claiming fraud and breach of contract. The allegations of the underlying action by Fannie Mae against Olympia have been set forth in detail in previous decisions. *See Fed. Nat'l Mortg. Ass'n v. Olympia Mortg. Corp.*, No. 04-4971, 2005 WL 2205335 (E.D.N.Y. Sept. 9, 2005); *Fed. Nat'l Mortg. Ass'n v. Olympia Mortg. Corp.*, No. 04-4971, 2006 WL 2802092 (E.D.N.Y. Sept. 28, 2006). Briefly, Fannie Mae is a government-sponsored private corporation whose mission includes increasing the availability and affordability of homeownership for low-, moderate-, and middle-income Americans. *See* 12 U.S.C. §§ 1716-1719. Fannie Mae does not originate mortgage loans, but, rather, purchases loans from mortgage lenders in the secondary mortgage market. Olympia is a mortgage lender and servicer. Fannie Mae purchased thousands of mortgages originated by Olympia, retaining Olympia to service those mortgages. Fannie Mae alleges that Olympia engaged in a fraudulent scheme, involving at least 260 loans, as follows: when borrowers attempted to pay off their existing loans through refinancing, Olympia failed to notify Fannie Mae. Instead, Olympia's principals collected the pay off amounts for themselves, but continued to make monthly payments on the loans and reported the status of the loans as "active" in an effort to prevent Fannie Mae from learning of the refinance. On August 17, 2007, the court entered a consent judgment against Olympia in the amount of $44,800,000.

The court appointed a Receiver for Olympia on November 23, 2004 and empowered her to take all necessary and appropriate steps to secure and protect Olympia's assets. On July 29, 2005, Fannie Mae filed an Amended Complaint, asserting claims of negligent misrepresentation, aiding

and abetting fraud, fraud through conspiracy, unjust enrichment, breach of fiduciary duty, and fraudulent conveyance against, among others, Samuel Pinter, one of Olympia's principals and founders who served as Senior Vice President and Chairman of the Board. In a previous decision, this court dismissed the claims of unjust enrichment and fraudulent conveyance against Samuel Pinter, with the exception of a claim concerning an alleged $300,000 transfer in 2002. *Fed. Nat'l Mortg. Ass'n*, 2006 WL 2802092, at * 14.

On October 24, 2006, Pinter filed his "Answer, Affirmative Defenses, Counterclaims, Crossclaims" ("Counterclaim"). In his Counterclaim, Pinter seeks to sue Fannie Mae derivatively on behalf of Olympia. Pinter also asserts six individual claims against Fannie Mae: 1) breach of contract, 2) breach of fiduciary duty, 3) negligent misrepresentation, 4) fraudulent concealment, 5) unjust enrichment, and 6) criminal and civil conspiracy under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and New York law. In addition, he asserts ten affirmative defenses. Counterclaim at 17-18. Pinter's counterclaims and affirmative defenses are based on two theories. First, Pinter generally alleges misconduct by Fannie Mae with respect to its own internal control and accounting procedures. Second, Pinter asserts that Fannie Mae had a duty to audit, discover, and disclose Olympia's fraud to him. Fannie Mae seeks dismissal of Pinter's counterclaims for lack of standing under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Fannie Mae also moves to strike the second and fifth affirmative defenses pursuant to Fed. R. Civ. P. 12(f).

## DISCUSSION

### I. Standard of Review

On a motion to dismiss, the allegations in the complaint are accepted as true. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998). The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations omitted). Indeed, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007). Although the plaintiff is *pro se* and therefore the court will read his pleadings liberally, he does not dispute that his *pro se* status arises from choice and not indigence.

### II. Shareholder Derivative Claim

Fannie Mae contends that Pinter lacks standing to bring a derivative suit. Pinter asserts that he is a proper party since he is a stockholder of Olympia Mortgage. Pinter is incorrect for several reasons. First, a court-appointed Receiver has been vested with all rights and powers to pursue litigation on behalf of Olympia and its shareholders. Accordingly, Pinter has no right to pursue litigation on Olympia's behalf. Even if a Receiver had not been appointed, Pinter, as a *pro se*

litigant, could not represent Olympia or its shareholders. *See, e.g., Lattanzio v. COMTA*, 481 F.3d 137, 139-140 (2d Cir. 2007); *Phillips v. Toobin*, 548 F.2d 408, 411 (2d Cir. 1976).

Finally, Pinter has a profound conflict of interest. Pinter is currently a defendant in the suit brought by Fannie Mae. His personal stake in the outcome of this litigation precludes him from acting as a representative of Olympia or of Olympia's shareholders.

## III. Plaintiff's Six Individual Claims

Pinter asserts six claims against Fannie Mae: 1) breach of contract, 2) breach of fiduciary duty, 3) negligent misrepresentation, 4) fraudulent concealment, 5) unjust enrichment, and 6) criminal and civil conspiracy under RICO and New York law.

### 1. Breach of Contract

Pinter alleges that Fannie Mae breached its contract with Olympia. But this does not allow him to sue Fannie Mae. It is undisputed that Pinter is not a party to the contract between Fannie Mae and Olympia. Nor does Pinter allege that he was an intended beneficiary of the contract. Under these circumstances, he has no claim for breach of contract against Fannie Mae.

### 2. Breach of Fiduciary Duty

Similarly, Pinter's allegation of a breach of fiduciary duty is based on the contract between Fannie Mae and Olympia. Pinter does not allege that Fannie Mae owes him a duty separate and apart from any purported duty to Olympia. Therefore, this claim must also be dismissed.

### 3. Negligent Misrepresentation

Pinter asserts negligent misrepresentation against Fannie Mae, claiming that Fannie Mae frequently audited Olympia and had a duty to share with him the results of the audits. Again, in the

absence of any alleged duty owed to him by Fannie Mae, this claim fails.[1]

   4.    **Fraudulent Concealment**

Pinter's claim for fraudulent concealment closely resembles his claim for negligent misrepresentation: He asserts that Fannie Mae breached its duty to him by failing to disclose to him Olympia's fraud, which Fannie Mae purportedly discovered during its audits. "[A] duty to disclose may arise in two situations: first, where the parties enjoy a fiduciary relationship, and second, where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, N.A.*, 731 F.2d 112, 123 (2d Cir. 1984)). Pinter fails to allege that Fannie Mae owed him a fiduciary duty or that Fannie Mae possessed superior knowledge of Olympia's fraud not readily available to him, the founder, officer, director, and stockholder of Olympia. This claim must be dismissed.

   5.    **Unjust Enrichment**

Pinter also alleges unjust enrichment against Fannie Mae. Under New York law, a claim for unjust enrichment "requires that defendants be enriched; that the enrichment be at plaintiff's expense; and that defendants' retention of the benefits be unjust." *BigStar Entertainment, Inc. v. Next Big Star, Inc.*, 105 F. Supp.2d 185, 217 (S.D.N.Y. 2000) (citing *Lightfoot v. Union Carbide*

---

[1] Pinter alleges only that Fannie Mae "knew [it] had a duty to protect Samuel Pinter as well as Olympia Mortgage Corporation from an ongoing fraud" based on the contract between Olympia and Fannie Mae. Counterclaim at 28, ¶ 19. However, this conclusory allegation is legally incorrect: according to the contract between the two parties, Fannie Mae did not owe a fiduciary duty to either Olympia or Pinter. "[T]he absence of factual allegations in support of this conclusory allegation causes this purported relationship to fail to support an independent duty between the parties." *Henneberry v. Sumitomo Corp.*, 415 F. Supp. 2d 423, 443 n.8 (S.D.N.Y. 2006) (citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)).

6

*Corp.*, 110 F.3d 898, 905 (2d Cir. 1997)). However, Pinter does not allege that Fannie Mae was enriched by Olympia's fraud at his expense. Therefore, Pinter's claim of unjust enrichment must be dismissed.

### 6. RICO and Civil Conspiracy

Pinter's allegations of a RICO conspiracy are utterly inadequate, indeed non-existent. Pinter merely cites the RICO statute and makes no effort whatsoever to meet the pleading standards for a RICO claim.

Similarly, Pinter's claim of civil conspiracy under New York law must be dismissed. Under New York law, civil conspiracy to commit fraud "is not actionable if the underlying independent tort has not been adequately pleaded." *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 481 (E.D.N.Y. 1998) (quoting *Epstein v. Haas Sec. Corp.*, 731 F. Supp. 1166, 1187 (S.D.N.Y. 1990)) (internal alterations omitted). Since Pinter's tort claims are being dismissed, his claim of civil conspiracy must also be dismissed.

## IV. Affirmative Defenses

Fannie Mae seeks to strike the second and fifth of Pinter's ten affirmative defenses. His second affirmative defense claims that the Amended Complaint "is barred by the doctrines of waiver, equitable estoppel, ratification and 'unclean hands' by the plaintiff, its directors, its executives, its employees and its agents for years." Counterclaim at 17, ¶ 2. Merely pleading a defense, without factual allegations, is insufficient. *Daiwa Special Asset Corp. v. Desnick*, No. 00-3856, 2002 WL 1997922, at *12 (S.D.N.Y. Aug. 29, 2002); *Obabueki v. Int'l Bus. Machines Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001). Here, Pinter identifies no bases for the defenses he asserts. Even if it is assumed that the bases for these defenses are the same as those contained in the

7

fifth affirmative defense, Fannie Mae's motion to strike the second affirmative defense would still be granted.

Pinter's fifth affirmative defense asserts that Fannie Mae's Amended Complaint is barred by "the plaintiff's own culpable conduct," citing Fannie Mae's internal control and accounting procedures as evidence of this purported misconduct. Pinter alleges that Fannie Mae's lack of oversight and "streamlining" process violated accounting practices and federal campaign and lobby laws. Counterclaim at 17-18, ¶ 5. Fannie Mae argues that, even if true, these allegations are so unrelated to its claims against Pinter that they cannot serve as an affirmative defense. Fannie Mae further contends that this defense is prejudicial, since it suggests that unnamed and irrelevant alleged bad actions by Fannie Mae might somehow defeat Olympia and Pinter's liability.

Fed. R. Civ. P. 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To strike a defense, a court must find that "(1) there [is] no question of fact that might allow the defense to succeed; (2) there [is] no substantial question of law that might allow the defense to succeed; and (3) the plaintiff [would] be prejudiced by the inclusion of the defense." *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005) (citation omitted). Here, there is no substantial question of fact or law that might allow these affirmative defenses to succeed. These allegations are far outside the scope of the fraud perpetrated by Olympia as alleged by Fannie Mae; as such, they are unrelated to Fannie Mae's claims against Pinter, and their inclusion could serve only to prejudice Fannie Mae.

## CONCLUSION

For the reasons set forth above, Fannie Mae's motion to dismiss is granted in its entirety. Samuel Pinter cannot maintain a shareholder derivative suit. His individual claims of breach of

contract, breach of fiduciary duty, negligent misrepresentation, fraudulent concealment, unjust enrichment and criminal and civil conspiracy under RICO and New York law are dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Finally, Fannie Mae's motion to strike Pinter's second and fifth affirmative defense is granted pursuant to Fed. R. Civ. P. 12(f).

**SO ORDERED.**

_____/s_____
**NINA GERSHON
United States District Judge**

Dated: October 22, 2007
        Brooklyn, New York