Joseph Zelmanovitz (JZ 0085)
STAHL & ZELMANOVITZ
747 Third Avenue, Suite 33B
New York, New York 10017
(212) 826-6422

*Attorneys for Counterclaim-Defendant
Shaindy Pinter*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                                                                                           04 CV 4971 (NG) (MDG)

                      Plaintiff,

      - against -

OLYMPIA MORTGAGE CORPORATION,
LEIB PINTER, et al.,

                    Defendants.
-----------------------------------------------------------x

### DEFENDANT SHAINDY PINTER'S MEMORANDUM
### IN SUPPORT OF HER MOTION FOR
### SUMMARY JUDGMENT DISMISSING THE CROSSCLAIMS

Defendant Shaindy Pinter respectfully submits this memorandum in support of her motion, pursuant to Fed. R. Civ. P. 56, to dismiss each of the causes of action asserted against her and contained in the Amended Answer, Affirmative Defenses and Crossclaims dated October 18, 2005, as amended by the Twelfth Cause of Action asserted against Shaindy Pinter by amendment dated April 23, 2007 (the "crossclaims") filed by defendant Olympia Mortgage Corporation ("Olympia").

### PRELIMINARY STATEMENT

Plaintiff Federal National Mortgage Association ("FNMA") has voluntarily dismissed its claims against Shaindy Pinter. Thus, Shaindy Pinter remains in the case

1

only by virtue of Olympia's crossclaims against Shaindy. But as conceded by the Receiver of Olympia at her recent deposition, Shaindy Pinter had absolutely nothing to do with Olympia and never controlled, or participated in the control of, Olympia's affairs. As explained below, each of the claims should now be dismissed as against Shaindy Pinter for a number of legal reasons and most notably because of the absence of evidence supporting any of the claims. Olympia's Receiver has prosecuted the claims against Shaindy Pinter based on conjecture; but conjecture and supposition cannot defeat a motion for summary judgment.

Following this Court's partial grant of Shaindy Pinter's motion to dismiss, and the voluntary dismissal by Olympia of certain of its crossclaims, the remaining causes of action alleged against Shaindy Pinter, and a summary of the reasons why each of those claims should now be dismissed, are as follows:

The First Cause of Action alleges that Shaindy Pinter breached her fiduciary duties to Olympia. When Shaindy Pinter moved to dismiss the crossclaims, the Court did not dismiss this claim outright because Olympia had *alleged* that Shaindy Pinter controlled Olympia. The deposition of Olympia's Receiver has now established that there is no evidence that Shaindy Pinter controlled anything, and she was a minority shareholder. Shaindy Pinter had no involvement at all in the operation or management of Olympia.

The Fourth Cause of Action alleges the violation of N.Y. Debtor & Creditor Law sec. 276. The Court already dismissed this claim on Shaindy Pinter's motion to dismiss, and Olympia should not be pursuing this claim. In any event, there is no evidence of any intent on the part of Shaindy Pinter to defraud creditors and the claim should now be

2

dismissed.

The Fifth Cause of Action alleges the violation of section 273 of the N.Y. Debtor & Creditor Law. Shaindy Pinter did not actively participate in any fraudulent transfers, as the Receiver apparently acknowledges. Nor can the Receiver provide evidence of when Olympia was "insolvent" for purposes of this Debtor & Creditor claim. In addition, any claim regarding transfers would be barred by the applicable statute of limitations. The Court, in its opinion rendered on Shaindy Pinter's motion to dismiss, left the claim open only with respect to some $1300 allegedly received by Shaindy Pinter. That was not a payment to Shaindy Pinter as explained in her accompanying declaration. In any event, the cost of this motion exceeds the money involved and Olympia simply refuses to accept the payment in satisfaction of the claim.

The Sixth Cause of Action alleges a claim for conversion. There is no evidence of any conversion and the claim would be barred by the three-year statute of limitations in any event.

The Eighth Cause of Action seeks an accounting. Absent a fiduciary relationship, there is no basis for this claim.

The Tenth Cause of Action seeks to pierce the corporate veil, but the Receiver acknowledged at her deposition that Shaindy Pinter did not exercise domination over Olympia.

Finally, the Twelfth Cause of Action alleges the violation of section 276 of New York's Debtor & Creditor Law with respect to certain loans taken by Shaindy Pinter for Olympia's benefit. There is no evidence of any intent to defraud, and the claim is barred by the applicable statute of limitations.

3

## **FACTUAL BACKGROUND AND THE PROCEEDINGS TO DATE**

As set forth in the accompanying declaration of Shaindy Pinter, Shaindy Pinter was never an officer, employee or director of Olympia.  She owned less than 10% of the outstanding shares of Olympia; *i.e.*, at all times she was a minority shareholder.  (Shaindy Pinter Dec. ¶ 2.)

Shaindy Pinter never had any involvement, nor was she ever consulted, with respect to the operations of Olympia.  She never received any compensation of any kind from Olympia.  (Shaindy Pinter Dec. ¶¶ 3-4.)  Although Olympia's Receiver has alleged that she received $1,316.40 from Olympia in 2004, this represents a premium payment for disability insurance procured as a benefit for her spouse, Leib Pinter.  (Shaindy Pinter Dec. ¶ 4.).

Shaindy Pinter never participated in any diversion of funds from Olympia and has no knowledge of any alleged diversion of funds.  (Shaindy Pinter Dec. ¶ 6.)

There is no evidence refuting any of the above facts.  Olympia has never sought to take the deposition of Shaindy Pinter.  (Zelmanovitz Dec. ¶ 5.)

In the original crossclaims, Olympia asserted nine causes of action against Shaindy Pinter.  Shaindy Pinter moved to dismiss the crossclaims.  By Opinion and Order filed September 28, 2006 ("Opinion"), the Court dismissed the Third Cause of Action (N.Y. Bus. Corp. Law sec. 720) and the Seventh Cause of Action (for unjust enrichment) as against Shaindy Pinter.  The Court also dismissed the fraudulent conveyance claims of the Fourth Cause of Action (Section 276 of the Debtor & Creditor Law) except as to $1,316.40 it is alleged that Shaindy Pinter received in 2004.

By Notice of Voluntary Dismissal dated April 11, 2007, FNMA dismissed all of

its claims against Shaindy Pinter. (Doc. No. 357.)

On April 23, 2007 (Doc. No. 366), Olympia amended the crossclaims against Shaindy Pinter to add a new claim alleging the violation of section 276 of the Debtor & Creditor Law with respect to an alleged transfer by Olympia of $548,000 "by making payments to Midwood Federal Credit Union to satisfy loans that Shaindy Pinter had taken out." As set forth in the declaration of Shaindy Pinter, these loans were actually loans taken on behalf of Olympia; they were never taken for Shaindy Pinter's personal account. She did not pocket even one dime from any of these loans. The loans for Olympia had to be taken in Shaindy Pinter's name because Olympia had credit restrictions which prevented the loans from being taken out directly by Olympia. Therefore, the loans were Olympia's loans and were repaid by Olympia. (Shaindy Pinter Dec. ¶ 5.)

## **THE RECEIVER'S DEPOSITION**

The deposition of Olympia's Receiver was taken on June 7, 2007 (referred to below as "Tr.I"), and continued on June 21, 2007 ("Tr. II"). (Copies of the transcripts of these deposition sessions are attached to the accompanying declaration of Joseph Zelmanovitz at Exhibit B.) As we show below, at her deposition, Olympia's Receiver made many important concessions, which negate any cause of action against her and confirm the declaration of Shaindy Pinter.

The Receiver testified:

(1) The decision makers at Olympia, on a day-to-day basis, were Leib Pinter and Barry (erroneously transcribed as "Mary") Goldstein, and on a more general basis included Sam Pinter and Abraham Donner. The Receiver was not aware of any

5

documentation indicating that Shaindy Pinter was a decision maker. (Tr.I at 5-6.) The Receiver could not conclude that Shaindy Pinter was a decision maker at Olympia just from the fact that she was a shareholder. (Tr.I at 7.)

(2) The Receiver had no information that Shaindy Pinter was involved in employment decisions at Olympia. (Tr.I at 8.) There was nothing that indicated to the Receiver that Shaindy Pinter had any responsibility for setting employee compensation. (Tr.I at 16-17.)

(3) The Receiver does not believe that Shaindy Pinter exercised any control over the operations of Olympia. (Tr.I at 45.) Shaindy Pinter was not involved in the management of Olympia's assets. (Tr.I at 60.) The former Olympia personnel who provided the Receiver with information did not believe that Shaindy Pinter was in any way involved in the operations or management of Olympia. (Tr.I at 36-37.)

(4) The Receiver has no basis to allege that Shaindy Pinter had knowledge about any diversion of Olympia funds. (Tr.I at 44.)

With respect to the allegations contained in Olympia's added Twelfth Cause of Action, the Receiver testified: (i) the money taken out as loans by Shaindy Pinter represented loans of Olympia that were used to pay off a loan (or loans) that Barry Goldstein had taken for the benefit of Olympia. (Tr.I at 34; Tr.II at 14); (ii) the Receiver had no knowledge that there was any personal motive for the loans (Tr.I at 62); (iii) the Receiver could not state the extent of any insolvency by Olympia as of the time the loans were taken by Shaindy Pinter (Tr.II at 15-16); and (iv) the loans to Shaindy Pinter were made in the mid-1990's (Tr.II at 12).

**ARGUMENT**

I. **THERE IS NO EVIDENCE SUPPORTING OLYMPIA'S CLAIMS**

On a motion for summary judgment, the movant will prevail if he demonstrates "that if the case went to trial there would be no competent evidence to support a judgment for his opponent." C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727. Olympia must point to specific evidence that would justify a reasonable fact-finder to conclude that it has satisfied each of the elements of its claims against Shaindy Pinter, and Olympia cannot meet this burden. It is not enough for Olympia to rest on the bald allegations of its complaint. Conjecture or speculation as to what evidence may be adduced at trial is insufficient. *Lappe v. Parker Bros. Div. of General Mills Fun Groups, Inc.*, 575 F. Supp. 44, 46 (N.D. Ill. 1983); *Moss v. Morgan Stanley Inc.*, 553 F. Supp. 1347, 1365 (S.D.N.Y.), *aff'd on other grounds*, 719 F.2d 5 (2d Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). As stated by the Second Circuit:

> [T]he non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  In making the necessary showing, conclusory allegations will not suffice to create a genuine issue. . . . The Supreme Court teaches that a "genuine" dispute over a material fact arises only where it can be said that the evidence would allow a reasonable jury to find in favor of the non-moving party.

*Ray Repp & K & R Music, Inc. v. Webber*, 132 F.3d 882, 889-90 (2d Cir. 1997) (quotations and citations omitted).

Because the burden of proving its claims rests on Olympia, summary judgment should be awarded to Shaindy Pinter in light of the absence of evidence supporting Olympia's claims. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 388 (S.D.N.Y. 2000) ("If the non-moving party has the burden of proof as to a particular issue, the movant

7

may satisfy his initial burden by demonstrating the absence of evidence in support of an essential element of the non-moving party's claim").

## II.  THE FIRST & EIGHTH CAUSES OF ACTION SHOULD BE DISMISSED

With respect to the First Cause of Action for breach of fiduciary duties, the Court did not dismiss the claim when Shaindy Pinter moved to dismiss the crossclaims, because at that stage of the case, "Olympia [was] entitled to an inference that Shaindy Pinter was a controlling shareholder." Opinion at 25. That is no longer the case; the Receiver concedes that Shaindy Pinter controlled nothing. It is also now established that Shaindy Pinter is a minority shareholder. A minority shareholder (like Shaindy Pinter) does not owe fiduciary duties to the corporation. *Cf. Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 646 N.Y.S.2d 76 (1996).

In addition, the breach of fiduciary duty claim is barred by the three year statute of limitations. *See Klein v. Gutman*, 12 A.D.3d 417, 419, 784 N.Y.S.2d 581, 584 (2d Dep't 2004) (breach of fiduciary duty where money damages are sought). No claim against Shaindy Pinter alleges transfers by Shaindy Pinter after October 2002 (which is three years before the crossclaims were filed).

Because the claim for breach of fiduciary duties should be dismissed, the claim for an accounting (Eighth Cause of Action) should be dismissed as well. *See Sugarman v. Weisz*, 28 N.Y.2d 786, 321 N.Y.S.2d 612 (1971) (because "plaintiff had failed to prove existence of an oral joint venture and there was no fiduciary relationship between the parties[,] it was error to direct an accounting"); *Moore v. Microsoft Corp.*, 293 A.D.2d 587, 741 N.Y.S.2d 91, 92-93 (2d Dep't 2002) ("The plaintiff failed to allege the existence of a special relationship between the parties. Therefore, his claim seeking an accounting

8

must . . . fail"); *Nat. Comm., Mother's day v. Kirby, Block & Co.*, 17 A.D.2d 390, 234 N.Y.S.2d 432, 433 (1st Dep't 1962) ("the existence of a fiduciary relationship is an essential" for a cause of action for an accounting").

### III.    THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED

In its Opinion on Shaindy Pinter's motion to dismiss, the Court ruled that "Shaindy Pinter and Patty Trinidad are entitled to dismissal of the claims under section 276 [of the Debtor & Creditor Law]" except with respect to the allegation that Shaindy Pinter received $1,316.40. (Opinion at 26.) Thus, all claims based on section 276 of the Debtor & Creditor Law have already been dismissed.

In any event, and even with respect to the $1,316.40, there is no evidence that Shaindy Pinter acted with intent to defraud. Absent proof of "actual intent to hinder, delay or defraud," a conveyance cannot be set aside under section 276. *Glenmore Distilleries Co. v. Seideman*, 267 F. Supp. 915, 919-20 (E.D.N.Y. 1967).

As stated by Shaindy Pinter in her declaration, this $1316.40 represents a premium payment for disability insurance which was a benefit received by her husband, Leib Pinter. There is no intent to defraud anyone on the part of Shaindy Pinter. Moreover, the $1,316.40 is there for the taking by the Receiver if it will satisfy all claims against Shaindy Pinter.

### IV.    THE FIFTH CAUSE OF ACTION SHOULD BE DISMISSED

There is no evidence that Shaindy Pinter received anything of value for herself from Olympia. She did not actively participate in any fraudulent transfers, as the Receiver appears to acknowledge. *See Sullivan v. Kodsi*, 373 F. Supp. 2d 302, 309 (S.D.N.Y. 2005): A transferee or beneficiary of a fraudulent conveyance cannot be liable

9

for money damages unless he or she participated in the actual transfers. *Id*. at 309-10. Nor can the Receiver provide evidence of when Olympia was "insolvent" for purposes of section 273 of the Debtor & Creditor Law.

Moreover, all claims based on the receipt of money or conveyances that arose more than six years before the assertion of the crossclaims (*i.e.*, 1999), such as the section 273 claims, are dismissible under the six-year statute of limitations for actions brought under Debtor & Creditor Law section 273. The cause of action accrues from the date of transfer and not from discovery of the fraud. *Dybowski v. Dybowska*, 146 A.D.2d 604, 536 N.Y.S.2d 838 (2d Dep't 1989).

## V. THE SIXTH CAUSE OF ACTION SHOULD BE DISMISSED

With respect to the Sixth Cause of Action alleging conversion, Shaindy Pinter indisputably did not exercise any unauthorized dominion over any specific Olympia funds, as is necessary in order to allege a claim for conversion. *Batsidis v. Batsidis*, 9 A.D.3d 342, 343 (2d Dep't 2004); *Hoffman v. Unterberg*, 9 A.D.3d 386, 388 (2d Dep't 2004). Shaindy Pinter had no role with respect to any property supposedly converted from Olympia, with culpable knowledge that the property did not belong to her. *Weisman, Celler, Spett & Modlin v. Chadbourne & Parke*, 271 A.D.2d 329, 706 N.Y.S.2d 414, 415 (1st Dep't 2000).

In addition, the three-year statute of limitations governing claims for conversion bars the claim. *See Vigilant Ins. Co. of America v. Housing Auth. Of El Paso*, 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 347 (1995) (three-year statute of limitations for conversion). No claim against Shaindy Pinter alleges transfers by Shaindy Pinter after October 2002 (which is three years before the crossclaims were filed).

10

## VI. THE TENTH CAUSE OF ACTION SHOULD BE DISMISSED

The Tenth Cause of Action, alleging a claim for piercing the corporate veil, should be dismissed. Courts permit the piercing of the corporate veil only under "extraordinary circumstances." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996). This case falls far short for justifying the expansion of that rule, because none of the elements of the claim can be established by Olympia, as against Shaindy Pinter.

There are two basic reasons why Olympia's veil piercing claim should be dismissed as against Shaindy Pinter. First, Olympia cannot satisfy the first of the two requirements for piercing the corporate veil under New York law. That initial element is a showing that the corporate owners "exercised complete domination of the corporation *in respect to the transaction attacked.*" *Matter of Morris v. New York State Dep't of Taxation and Fin.*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810-11 (1993) (emphasis added). Here, Olympia's Receiver admitted at her deposition that Shaindy Pinter neither dominated, nor controlled, nor managed any part of Olympia. And she had no knowledge of any alleged diversion.

Second, Olympia cannot satisfy the second requirement for piercing the corporate veil. A plaintiff seeking to pierce the corporate veil must also show "that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Id.* There is no evidence of the kind here with respect to Shaindy Pinter. It cannot be disputed that Shaindy Pinter did not act fraudulently. *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005).

## VII. THE TWELFTH CAUSE OF ACTION SHOULD BE DISMISSED

With respect to the new "Twelfth Cause of Action," it is undisputed that the loans

11

allegedly taken by Shaindy Pinter from Midwood Credit (which the Receiver testified occurred in the mid-1990's) were in fact taken by Olympia; Shaindy Pinter did not pocket one cent. Moreover, as this is a claim brought under section 276 of the Debtor & Creditor Law, the claim must be dismissed because there is no evidence that Shaindy Pinter acted with intent to defraud. As stated above, absent proof of "actual intent to hinder, delay or defraud," a conveyance cannot be set aside under this provision. *Glenmore Distilleries Co. v. Seideman*, 267 F. Supp. 915, 919-20 (E.D.N.Y. 1967).

In addition, there is no evidence that Olympia was insolvent or made insolvent by these loans in the mid-1990's.

Finally, because the loans are alleged to have occurred in the mid-1990's, any claim is barred by the statute of limitations, since only claims brought after 2001 (six years before the Twelfth Cause of Action was filed) or possibly after 1999 (if we relate the Twelfth Cause of Action back to the filing of the original crossclaims) could survive.

## CONCLUSION

For the reasons stated above, the Court should grant summary judgment dismissing Olympia's crossclaims asserted against Shaindy Pinter.

Dated: New York, New York
      May 21, 2008

>                     Respectfully submitted,
>
>                     STAHL & ZELMANOVITZ
>                     *Attorneys for Crossclaim Defendant*
>                        *Shaindy Pinter*
>
>
>                     By: /s/ Joseph Zelmanovitz
>                            Joseph Zelmanovitz (JZ0085)
>                     747 Third Avenue
>                     New York, New York 10017
>                     (212) 826-6422