STAHL & ZELMANOVITZ
Joseph Zelmanovitz (JZ-0085)
747 Third Avenue, Suite 33B
New York, New York 10017
(212) 826-6422

*Attorneys for Crossclaim Defendants*
*Tova Taub, Chaim Taub, Zvi Pinter,*
*Malke Pinter, Moshe Pinter, Esther Pinter,*
*Yossie Pinter and Hadassah Pinter*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                                                            04 CV 4971 (NG) (MDG)

                              Plaintiff,

              - against -

OLYMPIA MORTGAGE CORPORATION,
LEIB PINTER, et al.,

                              Defendants.
--------------------------------------------------------x

## MEMORANDUM OF LAW OF CROSSCLAIM DEFENDANTS TOVA TAUB, CHAIM TAUB, ZVI PINTER, MALKE PINTER, MOSHE PINTER, ESTHER PINTER, YOSSIE PINTER AND HADASSAH PINTER IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

        Crossclaim-Defendants Tova Taub, Chaim Taub, Zvi Pinter, Malke Pinter, Moshe

Pinter, Esther Pinter, Yossie Pinter and Hadassah Pinter respectfully submit this

memorandum in support of their motion, pursuant to Fed. R. Civ. P. 56, for an order

dismissing each of the causes of action asserted against them that are contained in the

Amended Answer, Affirmative Defenses and Crossclaims dated October 18, 2005, filed

by defendant Olympia Mortgage Corporation ("Olympia").  This memorandum is also

submitted in support of the motion of crossclaim defendants Chaim Taub, Moshe Pinter,

and Zvi and Malke Pinter, for summary judgment on their counterclaims asserted against Olympia.

## PRELIMINARY STATEMENT

It is undisputed that these crossclaim defendants exercised no control over the affairs of Olympia.  They are brought into this case by Olympia because they are purportedly transferees of money or other assets from Olympia.  Not one could be deemed an active participant in any of the fraudulent activity that is alleged in the crossclaims.  In each case, for services they rendered, they received compensation in the form of salary and payments on their home mortgages—which were reported as income to them.  Because of this payment structure, the mortgage payment part of the compensation was at times charged to the employee's spouse (since both husband and wife were jointly obligated on the mortgage), but it made no difference financially as far as Olympia was concerned.   There is no admissible evidence in this case that the crossclaim defendants received more than they were entitled to receive.  There is no law that we are aware of that allows the Receiver to renegotiate the terms of an employee's compensation *post facto*, through claims of fraudulent conveyance.

There are two crossclaims remaining against these crossclaim defendants. (Olympia voluntarily withdrew its Third and Seventh Causes of Action against them.)  As explained in more detail in this memorandum, each of these claims should be dismissed for the following reasons:

*Fourth Cause of Action.*          This claim alleges the violation of sec. 276 of the New York Debtor & Creditor Law, for transfers made "with the actual intent to hinder, delay, or frustrate creditors" of Olympia.  The Receiver must acknowledge that none of

these crossclaim defendants acted with such intent; and even if the Receiver will not so acknowledge, there certainly is no evidence supporting such a claim.

     *Fifth Cause of Action.*     This claim alleges the violation of sec. 273 of the New York Debtor & Creditor Law. New York law permits *money damages* against transferees who participated in the actual transfers. There is no evidence that any of these crossclaim defendants participated in any way in the alleged fraudulent transfers. There is also no evidence of Olympia's insolvency prior to 2004, as is necessary for the sec. 273 claim.

     Independent of the dismissibility of the claims for the reasons stated above, any claim alleging the violation of sec. 273 of the Debtor & Creditor Law is barred if it relates to a transfer preceding September 26, 1999, which is six years before the original crossclaims in this action were filed.

     Crossclaim defendants Moshe Pinter, Zvi and Malke Pinter, and Chaim Taub each loaned money to Olympia and have asserted counterclaims for non-payment of the loans. The loans were recorded on the books of Olympia and are not subject to legitimate dispute. There is no defense to the obligation to repay these loans. Therefore, summary judgment should be granted in favor of these crossclaim defendants on their counterclaims.

### FACTUAL BACKGROUND AND THE PROCEEDINGS TO DATE

**A.**     **Facts Supporting Summary Judgment Dismissing Claims**

     None of the above-named crossclaim defendants is or was an officer, director or shareholder of Olympia. Declaration of Moshe Pinter ¶ 2; Declaration of Zvi Pinter ¶ 2; Declaration of Hadassah Pinter ¶ 4; Declaration of Chaim Taub ¶ 2.

Esther Pinter managed Olympia's New Jersey office.  Deposition of Karen Balmer, Receiver for Olympia, June 6, 2007 ("Balmer Dep. I"), at 20; Esther Pinter Dec. ¶ 2.

Malke Pinter was employed by Olympia, and worked in the area of quality control.  Balmer Dep.I at 31-32; Malke Pinter Dec. ¶ 2.  Zvi Pinter worked and assisted Malke Pinter with her work.  Malke Pinter Dec. ¶ 2.

Hadassah Pinter was employed by Olympia and performed such duties as the preparation of reports to the various states and their agencies in connection with Olympia's mortgage business.  Hadassah Pinter Declaration ¶ 2.  The Receiver for Olympia testified at her deposition that Hadassah Pinter was employed by Olympia performing "services" and some sales functions.  Balmer Dep.I at 58.

Tova Taub was employed by Olympia on a part-time basis performing office/clerical work.  Tova Taub Declaration ¶ 2.

In addition to salary, the compensation of Esther Pinter, Malke Pinter, Hadassah Pinter, and Tova Taub included monthly payments on their respective home mortgages, which were held jointly with their spouses.  Moshe Pinter Dec. ¶ 5 and Exhibit B thereto; Zvi Pinter Dec. ¶ 4 and Exhibit B thereto; Hadassah Pinter Dec. ¶¶ 5-6, and Exhibit A thereto; Chaim Taub Dec. ¶¶ 4-5, and Exhibit A thereto.  To the extent salary was paid to an Olympia employee in the form of mortgage payments, it would have made no economic difference to Olympia whether that benefit was received by the employee or his or her spouse if the mortgage was issued to both of them jointly.  Balmer Dep.I at 69-70.

The employees also received reimbursement for their automobiles and family

4

medical insurance coverage.  Esther Pinter Dec. ¶ 2; Malke Pinter Dec. ¶ 3; Hadassah

Pinter Dec. ¶ 3; Tova Taub Dec. ¶ 2.  The Receiver for Olympia testified that there were

40 or 50 people at Olympia who had some form of health insurance.  *Id.* at 25.

The Receiver for Olympia testified that she had no knowledge how many hours

Esther Pinter worked outside of her office in addition to her working at the office.  Esther

Pinter Dec. ¶ 25.

Other managers of Olympia offices received much more compensation than

Esther Pinter.  For example, in 2003, the manager of Olympia's San Diego office

received $134,394.53, the manager of Olympia's Georgia office received $91,985.48, and

the manager of Olympia's Glendale California office received $98,444.95.  In 2003,

Esther Pinter received salary of $26,499.98 and mortgage payments (credited to her

spouse Moshe Pinter who was jointly on the mortgage) of $22,066.44.  Balmer Dep.I at

55-58.

Pincus Pinter, the father of Leib Pinter and Abraham Pinter, loaned Olympia the

sum of $205,000 through a free loan fund in which he was involved, called Tiferes

Yaakov Moshe.  Declaration of Abraham Pinter, ¶ 2.  This $205,000 loan is reflected on

the books and records of Olympia.  *See* Olympia Mortgage Corporation Financial

Statement Worksheet for the Year ending 12/31/96, produced in the action by defendant

Zesha Auerbach; Exhibit A to the Abraham Pinter Declaration.  Pincus Pinter died on

August 24, 2002, and before his death left instructions that the loan to Olympia was to be

repaid to his grandchildren.  Declaration of Abraham Pinter, ¶ 4.  Based on Pincus

Pinter's instructions, the loan to Olympia was repaid by distributions to the Pinter

grandchildren, including the following: $20,000 to each of Yossie Pinter, Moshe Pinter,

and Zvi Pinter, and $15,000 to Tova Taub.  Declaration of Abraham Pinter, ¶ 5.  The

Receiver for Olympia testified that she has no knowledge as to the reason those

crossclaim defendants received the foregoing payments in 2003, which the Receiver has

labeled "GECC" payments."  Deposition of Karen Balmer, Receiver for Olympia, June

21, 2007 ("Balmer Dep. II"), at 9-10.

**B.      Facts Supporting Summary Judgment on Counterclaims**

The following crossclaim defendants and counterclaimants made loans to

Olympia in the following amounts, which have not been repaid: Chaim Taub-$36,400;

Zvi and Malke Pinter-$12,500; and Moshe Pinter-$39,500.  Moshe Pinter Dec. ¶¶ 3-4 and

Exhibit A thereto; Zvi Pinter Dec. ¶ 3 and Exhibit A thereto; Chaim Taub Dec. ¶ 3.

These loans are reflected on Olympia's books and records.  *See* Olympia

Mortgage Corporation Financial Statement Worksheet for the Year ending 12/31/96,

produced in the action by defendant Zesha Auerbach; Exhibit A to the Abraham Pinter

Declaration.  None of these crossclaim defendants had knowledge that their loans would

not be repaid.  Balmer Dep.II at 25-26.

**C.      Procedural History**

In the original crossclaims, Olympia asserted four causes of action against these

crossclaim defendants.  Olympia subsequently withdrew the Third and Seventh Causes of

Action against these crossclaim defendants.  *See* Order of Dismissal dated March 5, 2008,

Docket No. 461.  The remaining two crossclaims are the Fourth Cause of Action based

on section 276 of the New York Debtor & Creditor Law, and the Fifth Cause of Action

based on section 273 of that statute.

In their answers to the crossclaims, Chaim Taub, Moshe Pinter, and Zvi and

Malke Pinter asserted counterclaims against Olympia on the loans they provided to Olympia, which have never been repaid.  Copies of the counterclaims are attached to the accompanying Zelmanovitz Declaration, at Exhibits C, D and E.

## ARGUMENT

### I.   THERE IS NO EVIDENCE SUPPORTING OLYMPIA'S CLAIMS

On a motion for summary judgment, the movant will prevail if he demonstrates "that if the case went to trial there would be no competent evidence to support a judgment for his opponent."  C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727.  Olympia must point to specific evidence that would justify a reasonable fact-finder to conclude that it has satisfied each of the elements of its claims against the crossclaim defendants, and Olympia cannot meet this burden.  It is not enough for Olympia to rest on the bald allegations of its complaint.  Conjecture or speculation as to what evidence may be adduced at trial is insufficient. *Lappe v. Parker Bros. Div. of General Mills Fun Group*s*, Inc.*, 575 F. Supp. 44, 46 (N.D. Ill. 1983); *Moss v. Morgan Stanley Inc.*, 553 F. Supp. 1347, 1365 (S.D.N.Y.), *aff'd on other grounds*, 719 F.2d 5 (2d Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984).  As stated by the Second Circuit:

> [T]he non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts. . . .   In making the necessary showing, conclusory allegations will not suffice to create a genuine issue. . . . The Supreme Court teaches that a "genuine" dispute over a material fact arises only where it can be said that the evidence would allow a reasonable jury to find in favor of the non-moving party.

*Ray Repp & K & R Music, Inc. v. Webber*, 132 F.3d 882, 889-90 (2d Cir. 1997) (quotations and citations omitted).

Because the burden of proving its claims rests on Olympia, summary judgment

should be awarded to the crossclaim defendants in light of the absence of admissible evidence supporting Olympia's claims. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 388 (S.D.N.Y. 2000) ("If the non-moving party has the burden of proof as to a particular issue, the movant may satisfy his initial burden by demonstrating the absence of evidence in support of an essential element of the non-moving party's claim").

Olympia cannot defeat summary judgment merely by alleging that the crossclaim defendants were overpaid. Any claim that a crossclaim defendant was overpaid cannot support a claim for fraudulent conveyance; otherwise, a claim could always be brought against an employee on the basis that he received more from a corporation than he or she deserved. Fraudulent conveyance laws do not arise from poor employee evaluations. The crossclaim defendants entered into their employment arrangements and second-guessing as to the worth of their services has no place in the federal courtroom. Such claims are particularly offensive regarding Esther and Moshe Pinter, where her salary for heading the New Jersey office of Olympia (which includes compensation to pay her mortgage held jointly with her husband Moshe Pinter) was less than the compensation to other Olympia employee/managers. There is also nothing wrong with the fact that the employees received payments for a car, just like other employees, as well as health insurance family coverage, just like other employees. That was the arrangement governing their employment.

To the extent Olympia charges these crossclaim defendants with receiving something the Receiver labeled as "GECC" payments, these represent the distribution made to the Pinter children on the death of Pincus Pinter as repayment of his loan to Olympia. The Receiver has no probative evidence in admissible form to the contrary.

## II.   THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED

This claim, brought under section 276 of the New York Debtor & Creditor Law,
should be dismissed because without proof of "actual intent to hinder, delay or defraud,"
a conveyance cannot be set aside under section 276. *Glenmore Distilleries Co. v.
Seideman*, 267 F. Supp. 915, 919-20 (E.D.N.Y. 1967).

There is not a scintilla of evidence that any of the crossclaim defendants acted
with the requisite intent to defraud Olympia.  No particulars are alleged in the amended
crossclaims, and such claims were required to be pleaded with the specificity required by
Rule 9(b) of the Federal Rules of Civil Procedure.  *See* the Court's Opinion and Order
dated September 28, 2006 (Docket No. 268) ("Opinion"), at pages 19-20.

Therefore, the claim should be dismissed.

## III.   THE FIFTH CAUSE OF ACTION SHOULD BE DISMISSED

In its Opinion, at 17, the Court stated:

> In general, the party challenging the conveyance has the
> burden of proving both insolvency and the lack of fair
> consideration.  *United States v. McCombs*, 30 F.3d 310,
> 324 (2d Cir. 1994).  However, in cases of intra-family
> transfers, where facts concerning the nature of the
> consideration are within the exclusive control of the
> transferee, the burden shifts to the transferee to prove the
> adequacy of the consideration.  *Id.*  If the conveyance is
> found lacking in consideration, the burden also shifts to the
> transferee to prove continued insolvency after the
> transaction.

In the first place, with respect to the crossclaim defendants, we are not dealing
with intra-family transfers (i.e., Leib Pinter to his children).  The crossclaim defendants
received money from Olympia.  But more importantly, they worked for that money.  The
receiver has no admissible evidence disputing that.  As such, adequacy of consideration

has been proven and the claim should be dismissed.

Second, with respect to claims brought under section 273 of the New York Debtor & Creditor Law, *money damages* may be recovered only 'against parties who participate in the fraudulent transfer *and* are either transferees of the assets or beneficiaries of the conveyance.'" *Sullivan v. Kodsi*, 373 F. Supp. 2d 302, 309 (S.D.N.Y. 2005). A transferee or beneficiary of a fraudulent conveyance cannot be liable for money damages unless he or she participated in the actual transfers. *Id*. at 309-10. Here, there is no evidence that any of the crossclaim defendants participated in any way in fraudulent transfers. There is also no evidence of Olympia's insolvency prior to 2004, as is necessary for the sec. 273 claim.

In its Opinion, at page 20, the Court held the *Sullivan* case inapplicable to Shaindy Pinter because "it is alleged that Shaindy Pinter was a part owner of both closely held corporations involved in the chain of purportedly fraudulent transfers . . . ." Opinion at 20. That is not the case with respect to these crossclaim defendants. They are not owners of any corporation involved in the Olympia fiasco; they are just ordinary people who worked, received compensation, and now find themselves on the receiving end—not of the plaintiff's complaint, but of a defendant's crossclaims—solely because they are children of Leib Pinter.

We respectfully suggest that the claim is legally and factually deficient and should be dismissed.

Independent of the dismissibility of the claim, it is barred to the extent the claim seeks to hold the crossclaim defendants liable for a transfer preceding September 26, 1999, which is six years before the original crossclaims in this action were filed. Claims

10

under § 273 are subject to the six-year limitations period of CPLR 213(1), and are not afforded the two year discovery add-on for fraud claims. Olympia cannot argue that all claims are timely because they were brought within two years of the Receiver's appointment. Such arguments do not apply to claims for constructive as opposed to active fraud. *Cadle Co. v. Lieberman*, No. 96 CV 495 (RR), 1998 U.S. Dist. LEXIS 23093 (E.D.N.Y., Sept. 11, 1998); *Dybowski v. Dybowska*, 146 A.D.2d 604, 536 N.Y.S.2d 838 (2d Dep't 1989).

## IV.   <u>JUDGMENT SHOULD BE AWARDED ON THE COUNTERCLAIMS</u>

Moshe Pinter, Zvi and Malke Pinter, and Chaim Taub each loaned Olympia money. Those loans are on the books of Olympia. *See* Exhibit A to the declaration of Abraham Pinter. The loans have not been repaid, and there are no defenses to the debt.

Therefore, summary judgment should be awarded to Moshe Pinter, Zvi and Malke Pinter, and Chaim Taub on their counterclaims against Olympia.

## <u>CONCLUSION</u>

For the reasons stated above, the Court should (i) grant summary judgment dismissing Olympia's crossclaims against Tova Taub, Chaim Taub, Zvi Pinter, Malke Pinter, Moshe Pinter, Esther Pinter, Yossie Pinter and Hadassah Pinter, and (ii) grant summary judgment in favor of Chaim Taub, Zvi and Malke Pinter, and Moshe Pinter on their counterclaims.

Dated: New York, New York
      May 21, 2008

                           Respectfully submitted,

                            /s/ Joseph Zelmanovitz
                          Joseph Zelmanovitz (JZ 0085)
                          STAHL & ZELMANOVITZ
                          *Attorneys for Crossclaim Defendants*
                          *Tova Taub, Chaim Taub, Zvi Pinter,*
                          *Malke Pinter, Moshe Pinter,*
                          *Esther Pinter, Yossie Pinter and*
                          *Hadassah Pinter*
                          747 Third Avenue, Suite 33B
                          New York, New York 10017
                          (212) 826-6422