UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE ASSOCIATION,   04 CIV 4971 (NG)(MDG)

        Plaintiff,

vs.

OLYMPIA MORTGAGE CORPORATION and LIEB
PINTER, et al. SHAINDY PINTER, BARRY GOLDSTEIN,
MIRIAM GOLDSTEIN, SAMUEL PINTER, FAGIE
PINTER, ABE DONNER, ZEISHA AUERBACH, ALAN
BRAUN, ALAN J. BRAUN AND CO., MARCUS
PINTER, MIDWOOD FEDERAL CREDIT UNION, 1716
REALTY CORPORATION, KAHAL SHOMREI HADATH
and DOE COMPANIES,

        Defendants.
-----------------------------------------------------------------X

**SAMSON PINTER'S MEMORANDUM OF LAW IN
SUPPORT OF PARTIAL SUMMARY JUDGMENT DISMISSING THE
FOURTH CROSSCLAIM ASSERTING ACTUAL FRAUD
(NY Debtor & Creditor Law § 276)**

EPSTEIN & WEIL
Attorneys for Crossclaim Defendant Samson Pinter
225 Broadway, Suite 1203
New York, NY 10007
212 732 4888

Of Counsel:
Judith H. Weil

# SAMSON PINTER'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL SUMMARY JUDGMENT DISMISSING THE FOURTH CROSSCLAIM ASSERTING ACTUAL FRAUD
### (NY Debtor & Creditor Law § 276)

Samson Pinter ("Samson") respectfully submits this memorandum in support of his motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56, 12(b)(6) and 9(b) to dismiss the fourth crossclaim asserting actual fraud under §276 of the New York Debtor Creditor Law.

## PRELIMINARY STATEMENT

The crosscomplaint originally alleged four causes of action against Samson. The Receiver has withdrawn two of those claims, leaving only the fourth and fifth crossclaims. Samson hereby seeks dismissal only of the fourth crossclaim, on the ground that the receiver has failed to plead and cannot prove, that any payments received by Samson Pinter were received with an actual intent to delay, hinder or defraud creditors of OMC.

In a decision dated, Sept 28, 2006, this Court granted the motion of two cross-claims defendants who moved to dismiss the fourth cause of action on the grounds that it failed to allege actual fraud with the specificity required under Rule 9. The cross-complaint has not been further amended since the dismissal. The substantive allegations against Samson are substantively identical and suffer from the same fatal defects as the claims already dismissed by this Court. Samson has not previously

sought this relief, which has been granted by the court to both crossclaimants who so requested it.

## STATEMENT OF RELEVANT FACTS

Crossclaim plaintiff Olympia Mortgage Corporation ("O.C.") filed crossclaims against Samson and various other defendants in an amended pleading filed October 18, 2005. (Exhibit A to Declaration of Judith Weil). The pleading has not been further amended since this Court's decision granting the prior motion by certain crossclaim defendants to dismiss the fourth cause of action for actual fraud in light of its failure to plead fraud with the specificity required by Rule 9.

The Receiver agreed to withdraw two causes of action asserted against Samson, but refused to withdraw the fourth cause of action here challenged, despite full knowledge of this Court's prior determination that the cause of action was fatally deficient.

Discovery is complete. Samson was not deposed. No evidence has been obtained that Samson possessed any intent to defraud, hinder or delay creditors of OMC with respect to any payment that he is alleged to have received.

The substantive allegations against Samson are identical to the allegations made as other "Family Defendants" as that term is defined in Olympia's crossclaims. Several "Family Defendants," including Tova Taub, Chaim Taub, Zvi Pinter, Malke Pinter, Moishe Pinter, Esther Pinter, Yossie Pinter and Hadassah Pinter. Samson joins

in motions of those defendants that now move for dismissal of the fourth cause of action and adopts the arguments and reasoning set forth in their respective briefs. The allegations against Samson suffer from the identical defects.

## ARGUMENT
### A. THE CROSSCOMPLAINT FAILS TO ALLEGE ITS CLAIMS OF ACTUAL FRAUD WITH THE REQUISITE SPECIFICITY.

Actual intent to defraud is a required element of DCL 276.[1] *Glenmore Distilleries Co. v. Seideman*, 267 F.Supp. 915, 919 -920 (E.D.N.Y. 1967). Claims of actual fraud, including those brought under DCL §276 are subject to the heightened pleading requirements of Rule 9(b), and allegations must be plead with particularity as to each and every defendant." *Sullivan v. Kodsi*, 373 F.Supp.2d 302, 309 (S.D.N.Y. 2005); *In re Sharp Intern. Corp.*, 403 F.3d 43 (2d Cir. 2005). Absent proof of "actual intent to hinder, delay or defraud" a conveyance cannot be set aside under this provision. *Glenmore Distilleries Co. v. Seideman*, 267 F.Supp. 915, 919 -920 (E.D.N.Y. 1967).

The crosscomplaint alleges that the conveyances were made by defendants other than Samson Pinter and that Samson "took the transfer without providing . . . equivalent value in exchange." As there is neither allegation nor proof of any intent by Samson to defraud creditors, summary judgment should be granted dismissing this

---

[1] DCL § 276 provides: "Conveyance made with intent to defraud: every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." (McKinneys Debtor & Creditor Law § 276).

claim. This court reached the same conclusion when it granted motions by Shaindy Pinter and Patty Trinidad to dismiss claims brought against them under § 276. See Opinion and Order dated September 28, 2006 at page 26.

The allegations of ¶126 are wholly conclusory and plainly insufficient: "On information and belief, in each case, the transfer was made and/or received with the actual intent to hinder, delay or frustrate creditors of Olympia." This insufficiency is compounded by ¶ 127 which alleges, again "on information and belief" that "in each case, the transferee took the transfer without providing any reasonably equivalent value in exchange for the transfers. Where multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of the nature of his alleged fraudulent conduct. See, *Mills v. Everest Reinsurance Co.*, 410 F.Supp.2d 243 (S.D.N.Y. 2006). Allegations on information and belief are generally insufficient to satisfy Rule 9's heightened particularity requirement. *Sullivan v. Kodsi*, 373 F.Supp.2d at 306; *Lippe v. Bairnco*, 249 F. Supp.2d at 376 (intent to defraud cannot be "based merely on suspicion, conjecture, or doubtful inference).

The crosscomplaint does nothing to substantiate its conclusory allegation that Samson intended to hinder, delay or defraud. The mere fact that parties are related does not establish lack of good faith. *See, e.g., United States v. McCombs,* 928 F.Supp. 261, 274-75 (W.D.N.Y.1995) (Bad faith not found where daughters paid less than full value for mother's house, despite actual knowledge of mother's poor financial condition).

**B. Samson adopts the arguments asserted by his co crossclaim defendants.**

Samson Pinter adopts the arguments and reasoning set forth in the respective briefs of the Family Defendants" as that term is defined in Olympia's crossclaims, in respect of their motions to dismiss the fourth cause of action.

**C. Samson Requests the Costs of this Motion**

The Receiver's pursuit of the fourth cause of action, notwithstanding the prior decision of this Court, has resulted in costs and legal fees for bringing this motion, that Samson should not have been caused to incur.

## CONCLUSION

For the reasons set forth above, and in this Court's prior decision of September 28, 2006, this Court should dismiss the fourth cause of action as to Samson Pinter, and grant Mr. Pinter his costs, including attorneys fees, of making this motion.

Dated: New York, NY
May 30, 2008

EPSTEIN & WEIL

By _____
Judith H. Weil (JW 7555)
225 Broadway
New York, NY 10007
(212) 732-4888
*Attorneys for Crossclaim defendant
Samson Pinter*