441-79273
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                Plaintiff,

- against -

OLYMPIA MORTGAGE CORPORATION and LIEB
PINTER, SHAINDY PINTER, BARRY GOLDSTEIN,
MIRIAM GOLDSTEIN, SAMUEL PINTER, FAGIE
PINTER, ABE DONNER, ZEISHA AUERBACH, ALAN
BRAUN, ALAN J. BRAUN AND CO., MARCUS PINTER,
MIDWOOD FEDERAL CREDIT UNION, 1716 REALTY
CORPORATION, KAHAL SHOMREI HADATH and DOE
COMPANIES,
                Defendants.
------------------------------------------------------------------x
OLYMPIA MORTGAGE CORPORATION,

                Crossclaim Plaintiff,

-against-

LIEB PINTER, et al.

                Crossclaim Defendants.
------------------------------------------------------------------x

Case No: 04 CV 4971 (NG)
(MDG)

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S AND CROSS CLAIM PLAINTIFF'S OPPOSITION TO AND IN FURTHER SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(b)ON BEHALF OF THE DEFENDANT AND CROSS CLAIM DEFENDANT MARCUS PINTER AND IN OPPOSITION TO PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT**

*Of Counsel*
Michael F. Lynch

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .................................................................................................................1

ARGUMENT ........................................................................................................................2

POINT I
FANNIE MAE IS NOT ENTITLED TO SUMMARY JUDGMENT ........................2

POINT II
THE COURT SHOULD STRIKE CERTAIN STATEMENTS CONTAINED IN FANNIE MAE'S RULE 56.1 RESPONSE AND COUNTERSTATEMENT...........…..………………2

POINT III
MR. PINTER IS ENTITLED TO SUMMARY JUDGMENT ON THE 13th CAUSE OF ACTION IN THE
AMENDED COMPLAINT ……………………………………………………………...4

POINT IV
FANNIE MAE'S MOTION FOR SUMMARY JUDGMENT ON MR. PINTER'S CLAIM TO SET OFF SHOULD BE DENIED ……………………………………………………..9

POINT V
MR. PINTER IS ENTITLED TO SUMMARY JUDGMENT
ON THE 9th CAUSE OF ACTION
IN THE CROSSCLAIM ……………………………………………………………10

CONCLUSION……………………………………………………………………….12

## INTRODUCTION

This memorandum of law is submitted on behalf of defendant and cross claim defendant, Marcus Pinter, ("Mr. Pinter") in reply to plaintiff, Federal National Mortgage Association's, ("Fannie Mae") opposition to and in further support of the instant motion for an order:

  A. pursuant to F. R. Civ. P. 56(b) granting summary judgment and dismissing Fannie Mae's amended complaint with prejudice, as against Mr. Pinter on the following grounds:

    (i). Fannie Mae can not sustain a claim for aiding and abetting fraud against Mr. Pinter;

    (ii). Fannie Mae cannot sustain a claim of accounting malpractice against Mr. Pinter;

and

  B. in reply to defendant and crossclaim plaintiff, Olympia Mortgage Corporation's, ("Olympia") opposition to and in further support of the instant motion pursuant to F. R. Civ. P. 56(b) granting summary judgment and dismissing the defendant/crossclaim plaintiff, Olympia Mortgage Corporation's, ("Olympia") crossclaim with prejudice, as against the crossclaim defendant, Mr. Pinter on the following grounds:

    (i). Olympia cannot sustain a claim of accounting malpractice against Mr. Pinter; and

  3. in reply to Fannie Mae's opposition to and in further support of and in the alternative in the event that the instant motion for summary judgment is denied with respect to Fannie Mae's claim against Mr. Pinter, pursuant to F. R. Civ. P. 15(a), allowing Mr. Pinter to amend his answer to the amended complaint and assert the affirmative defense of set off;

and

  4. in opposition to Fannie Mae's request that the Court search the record and grant Fannie Mae summary judgment on the 13th cause of action in the amended complaint;

and

  5. in opposition to Fannie Mae's motion for summary judgment on Mr. Pinter's claim to set off premised on the Consent Decree;

and

  6. in support of the instant motion for the Court to strike the argumentative statements contained in paragraphs 1, 4, 5, 6, 7, and 8 and paragraphs 10 through 52 in their

1

entirety of Fannie Mae's purported Rule 56.1 Response and Counterstatement since these statements do not comply with Rule 56.1.;

and

      7.     Together with such other and further relief as this Court may deem just and proper.

References to exhibits set forth herein refer to the exhibits annexed to the declarations of Michael F. Lynch, Esq., dated May 1, 2008 and December 8, 2008.

## ARGUMENT

### POINT I

### FANNIE MAE IS NOT ENTITLED TO SUMMARY JUDGMENT

Fannie Mae has asked the Court to search the record and grant Fannie Mae summary judgment on the 13th cause of action in the amended complaint. It is respectfully submitted that if the Court should find that Mr. Pinter is not entitled to summary judgment on the 13th cause of action in the amended complaint the Court should also find that Fannie Mae is not entitled to summary judgment on the ground that material issues of fact exist which precludes a grant of summary judgment in Fannie Mae's favor on the 13th cause of action in the amended complaint (See, Mr. Pinter's Rule 56.1 counterstatement in response to Fannie Mae's Rule 56.1 counterstatement annexed hereto).

### POINT II

### THE COURT SHOULD STRIKE CERTAIN STATEMENTS CONTAINED IN FANNIE MAE'S RULE 56.1 RESPONSE AND COUNTERSTATEMENT

In the first instance the Court should strike the argumentative statements in paragraphs 1, 4, 5, 6, 7, and 8, contained in Fannie Mae's Rule 56.1 Response and Counterstatement which claim that while Mr. Pinter's Rule 56.1 facts asserted in these paragraphs are undisputed they are

...
...

allegedly irrelevant and should be stricken. The Court should also strike paragraphs 10 through 52 of plaintiff's Rule 56.1 Response and Counterstatement since a proper 56.1 statement submitted by a non-movant should consist of a paragraph-by-paragraph response to the movant's 56.1 statement, much like an answer to a complaint. It is also permissible for the non-movant to provide a separate statement, apart from this paragraph-by-paragraph response, in which it lists other facts it claims to be in dispute. Rule 56.1 statements are not argument. They should contain factual assertions, with citation to the record. "They should not contain conclusions, and they should be neither the source nor the result of 'cut-and-paste' efforts with the memorandum of law." *Goldstick v. The Hartford, Inc.* et ano. 2002 WL 1906029 (S.D.N.Y.). The purpose of the Rule 56.1 Statement "is to assist the Court in understanding the scope of the summary judgment motion by highlighting those facts which the parties contend are in dispute." *Archie Comic Publishing, Inc. v. DeCarlo*, 258 F.Supp.2d 315, 327 (S.D.N.Y.2003).

Fannie Mae has failed to comply with the rule. While Fannie Mae does on occasion admit or deny Mr. Pinter's uncontested facts, it also adds in "spin" which had been found to be improper in a Rule 56.1 statement. *Goldstick v. The Hartford, Inc.* et ano. 2002 WL 1906029 (S.D.N.Y.). A Rule 56.1 Statement is "much like an answer to a complaint and must cite admissible evidence." *Archie Comic Publishing, Inc. v. DeCarlo*, 258 F.Supp.2d 315, 327 (S.D.N.Y.2003). Fannie Mae also adds no facts that it claims to be in dispute but instead asserts forty two (42) facts it claims are *not* in dispute. Fannie Mae also uses the exact same facts in its Rule 56.1 counterstatement that are inserted in its memorandum of law in opposition which is improper. Id. (citing *Rodriguez v. Schneider*, No. 95 Civ. 4083(RPP), 1999 WL 1102760, *1 n. 3 (S.D.N.Y. June 29, 1999)).

## POINT III

## MR. PINTER IS ENTITLED TO SUMMARY JUDGMENT ON THE 13th CAUSE OF ACTION IN THE AMENDED COMPLAINT

In opposition Fannie Mae concedes the following material facts:

- - Fannie Mae never engaged Mr. Pinter to provide accounting services (See Fannie Mae's Rule 56.1 Response and Counterstatement, para. 1).

- - Mr. Pinter was not Olympia's auditor and he did not prepare and/or issue Olympia's certified financial statements (See Fannie Mae's Rule 56.1 Response and Counterstatement, para. 1).

- - Mr. Pinter prepared Olympia's tax returns based upon financial statement prepared by Olympia's auditors(See Fannie Mae's Rule 56.1 Response and Counterstatement, para. 4).

- - **Mr. Pinter did not provide any professional services for Olympia's loan servicing department.** (See Fannie Mae's Rule 56.1 Response and Counterstatement, para. 6) (emphasis added).

- - **Mr. Pinter did not have any knowledge of the Code 59 loans while he was providing professional services to Olympia** (See Fannie Mae's Rule 56.1 Response and Counterstatement, para. 7) (emphasis added).

- - Mr. Braun was Olympia's auditor and he was paid by Olympia to perform audit work (See Fannie Mae's Rule 56.1 Response and Counterstatement, para. 8).

In opposition, Fannie Mae claims that these conceded facts are irrelevant and that because they are pursuing an aiding and abetting claim they need not refute Mr. Pinter's argument that the 13th cause of action sounds in accounting malpractice. In opposition Fannie

4

Mae does not even make a single reference to the "Code 59" loans with respect to the accounting services Mr. Pinter provided to Olympia. Fannie Mae does not make any argument that Mr. Pinter knew about the "Code 59" loans and failed to appreciate their significance or that Mr. Pinter had a duty to know about the "Code 59" loans and the part the "Code 59" loans played in the fraud. These significant concessions are dispositive in favor of Mr. Pinter's entitlement to summary judgment on the 13th cause of action in the amended complaint whether the 13th cause of action sounds in accounting malpractice or aiding and abetting fraud.

The "Code 59" loans are at the heart of the fraud Fannie Mae claims was perpetrated by Olympia's owners and officers. Since Fannie Mae now concedes that Mr. Pinter did not know or have reason to know about the "Code 59" loans the thrust of the allegations in the 13th cause of action in the amended complaint asserted against him lack any merit.

Fannie Mae has now realized this fatal defect in their basis for asserting liability against Mr. Pinter and it has now attempted to shift its theory of liability away from Mr. Pinter's alleged responsibility to know about or place himself in a position to know about the "Code 59" loans. The only party who had responsibility to know or place himself in a position to know about the "Code 59" loans was Olympia's auditor Alan Braun. For an unexplained reason Fannie Mae has chosen to discontinue its claim against Mr. Braun and thereby wiped out its only opportunity to seek redress against the party who was in the best position and more important had a legal duty to identify the "Code 59" loans and address them in Olympia's certified financial statements.

Fannie Mae now claims that Mr. Pinter's act of making journal entries and gathering together, but not reviewing in a position as an outside auditor, financial documentation regarding Olympia that Mr. Braun and Olympia's auditors used in preparing Olympia's certified financial statements is sufficient to establish its entitlement to summary judgment. Fannie Mae is just

5

plain wrong. Fannie Mae has offered no competent evidence to establish that Mr. Pinter, within the scope of accounting services he provided to Olympia, had a duty to question the veracity of the financial information Olympia provided him to look at.

Fannie Mae claims that had Mr. Pinter appreciated the alleged significance of the following discrete non-"Code 59" transactions he would have realized that the owners and officers of Olympia were engaged in fraudulent conduct:

- - Olympia employees were taking out co-defendant, Midwood Federal Credit ("Midwood"), loans for Olympia in their individual names because Midwood could not make direct loans to Olympia.

- - Mr. Pinter knew or should have known that Olympia was borrowing money from Midwood to reduce the principal and pay interest on the loans Olympia employees were taking from Midwood and in turn loaning to Olympia.

- - In preparing the year end closing Mr. Pinter saw the names of certain of his relatives on the list of Olympia's salaried employees.

- - Mr. Pinter knew or should have known that Olympia was allegedly funneling funds through a holding account to clear fictitious transactions or conceal improper transactions often involving Olympia's off-the-books Midwood accounts.

- - Mr. Pinter knew or should have known that the co-defendant, Sam Pinter, was lending funds secured by a nonexistent mortgage to co-crossclaim defendant S&F Ocean Realty Company through Olympia for which Olympia was obligated to repay Sam Pinter and collect from S&F (See Fannie Mae's Rule 56.1 counterstatement and Mr. Pinter's Rule 56.1 counterstatement).

However, Fannie Mae omits any discussion of the fact that Mr. Pinter had no duty and indeed he did not have the ability to verify the accuracy of these non-"Code 59" transactions alleged by Fannie Mae. On the contrary Olympia's outside auditor had the duty to verify these non-"Code 59" transactions and a further duty to undertake an independent analysis of Olympia's books and records notwithstanding the source of the financial information the outside auditor reviewed (See the expert report of Vincent Love CPA, annexed hereto as Exhibit J).

Fannie Mae omits any discussion and fails to provide any competent evidence that the level of analysis required by Olympia's independent auditor was quantitatively and qualitatively different from the scope of services Mr. Pinter provided to Olympia (See the expert report and deposition testimony of Mr. Pinter's accounting expert, Vincent Love, CPA, annexed hereto as Exhibit J and Exhibit K).

Since Fannie Mae is no longer able to tie Mr. Pinter directly to the "Code 59" transactions it is making the transparent and unsupported effort to place Mr. Pinter in the shoes of Olympia's outside auditors and are asking this Court to assign to Mr. Pinter the duty an outside auditor would have had to Olympia and third parties who reasonable relied on Olympia's financial statements. Fannie Mae makes this fatally flawed argument in the face of its own concession that it does not believe Olympia's actual outside auditor has exposure for its alleged damages.

Fannie Mae simply fails to address the fact that Olympia hired and paid independent auditors to prepare certified financial statements and it was the co-defendant auditor, Alan Braun CPA's, duty to identify and address both the "Code 59" transactions and the non "Code 59" questionable transactions before issuing the certified financial statements (See Mr. Pinter's Rule 56.1 Statement, Fannie Mae's Rule 56.1 counterstatement and Mr. Pinter's Rule 56.1 counterstatement, para. 8).

Fannie Mae's new theory of liability against Mr. Pinter was directly refuted by Mr. Pinter's expert Mr. Love when he stated:

> I do not think there is any obligation or responsibility on [Mr. Pinter's] part to tell anyone at Olympia or anywhere else that unverified information may be inaccurate. There is nothing in the [certified public accounting standards]—as a matter of fact [certified public accounting standards] are clear that unless you are giving an attestation report, a CPA is not guaranteeing the correctness of anything. If you do not verify data it could be

wrong. **Let me put it this way if you want an audit you ask for an audit. If you do not want an audit you can ask for accounting services** (Exhibit K, page 30, line 21-25; page 31, line 2-25 and page 32, line2-5) (emphasis added).

In this case Olympia asked Mr. Braun to perform an audit and issue a certified financial statement. Mr. Braun performed both tasks and Fannie Mae has offered no competent evidence to assign responsibility for Mr. Braun's certified financial statement to Mr. Pinter.

Fannie Mae fails to address the fact that Mr. Pinter was never in a position to contemporaneously analyze Olympia's and Midwood's financial records. Olympia's receiver, Ms. Balmer, has had access to both Olympia's and Midwood's financial records and she was in a position to compare the respective company transactions. Mr. Pinter was never in a position to make a similar analysis and it was only when Ms. Balmer accessed Midwood's books and records was she able to discern a pattern that she alleges constitutes fraudulent activity by Olympia's owners and officers. If Ms. Balmer needed access to books and records that Mr. Pinter never had access to identify alleged fraudulent activity how can Fannie Mae now claim that Mr. Pinter's alleged awareness of non-"Code 59" transactions without the benefit of placing these transactions in context constitutes either accounting malpractice or aiding and abetting fraud. Fannie Mae's theory of liability against Mr. Pinter no longer makes sense and is not supported by competent evidence.

Fannie Mae fails to address the fact that Ms. Balmer's allegations of non "Code 59" questionable financial transactions are not supported by expert testimony. While Ms. Balmer is a certified public accountant she is not qualified to render an expert opinion in this case and she has never been offered as an expert by Fannie Mae. Ms Balmer is a party and her allegations as set forth in her declaration constitute statements by an interested party in an effort to create a question of fact to defeat Mr. Pinter's motion for summary judgment.

Since Fannie Mae cannot sustain the 13th cause of action in the amended complaint whether it sounds in accounting malpractice or aiding and abetting fraud this Court should grant Mr. Pinter summary judgment and dismiss the amended complaint with prejudice as against him.

### POINT IV

### FANNIE MAE'S MOTION FOR SUMMARY JUDGMENT ON MR. PINTER'S CLAIM TO SET OFF SHOULD BE DENIED

Fannie Mae's motion for summary judgment on Mr. Pinter's claim to set off premised on the Consent Decree should be denied because it is premature. Fannie Mae asserts causes of action sounding in both tort and contract against Olympia and the purpose of Mr. Pinter requesting permission to assert set off based upon the Consent Decree is to establish that Fannie Mae already has full satisfaction of the damages claimed and to prevent Fannie Mae from obtaining a double recovery. Fannie Mae and Olympia entered into a consent judgment whereby judgment was entered in favor of Fannie Mae and against Olympia on the first and second causes of action in the amended complaint in the amount of $44,800,000 plus pre-judgment interest in accordance with New York C.P.L.R. §5001 (Exhibit "E") which constitutes the entirety of damages Fannie Mae claims in the amended complaint against all defendants. Therefore Fannie Mae already has full satisfaction from Olympia of the damages claimed.

The fact that the plaintiff may have a cause of action in contract and in tort does not mean that he may recover more than the amount of damage he suffered. *Simon v. Royal Business Funds Corp.*, 34 A.D.2d 758, 310 N.Y.S.2d 409 (1st Dept. 1970). This principle emanates from reason and basic fairness. *Derby v. Prewitt*, 12 N.Y.2d 100, 106, 187 N.E.2d 556, 560 (1962). "…[W]hen the plaintiff, having sued for damages for a breach of contract, thereafter sues, after recovery, on a tort theory, or vice versa…[t]he rule is that under such circumstances the plaintiff

9

may have only one recovery. *Zarcone v. Perry*, 78 A.D.2d 70, 434 N.Y.S.2d 437 (2nd Dept. 1980). Since Olympia has stipulated to liability for Fannie Mae's damages Mr. Pinter should not be responsible for further compensating Fannie Mae. At this stage, it cannot be known how the trier of fact may apportion potential liability amongst parties with respect to all the claims and cross claims asserted in the amended complaint and Olympia's cross claim. Therefore Fannie Mae's motion for summary judgment on Mr. Pinter's claim to set off based upon the Consent Decree is premature. Mr. Pinter is entitled to protect his right to assert his potential New York state law entitlement to assert a general defense of set off and more particularly a defense of set off based in tort. Mr. Pinter cannot predict whether judgment may be entered against Olympia and in favor of Fannie Mae after a trial based upon the tort claims asserted by Fannie Mae against Olympia. Mr. Pinter should be allowed to amend his answer to assert a general defense of set off and a defense of set off based upon New York GOL 15-108 to prevent Fannie Mae from obtaining a double recovery.

## POINT V

### MR. PINTER IS ENTITLED TO SUMMARY JUDGMENT ON THE 9th CAUSE OF ACTION IN THE CROSSCLAIM

In opposition the fatal deficiencies of Olympia's alleged expert opinion only continue to be highlighted by the comprehensiveness of Mr. Love's expert report and testimony in support of Mr. Pinter (See Exhibit J and Exhibit K). Consequently, this Court should find that Olympia's accounting expert opinion is so deficient as to be non-existent and consequently Olympia cannot present the necessary expert opinion to sustain its claim for accounting malpractice against Mr. Pinter.

Like Fannie Mae Olympia concedes critical material facts that are dispositive in favor of

Mr. Pinter and support a grant of summary judgment in his favor.

Olympia conceded the following facts:

- - Fannie Mae never engaged Mr. Pinter to provide accounting services (See Olympia's Rule 56.1 counterstatement, para. 1).

- - Mr. Pinter was not Olympia's auditor and he did not prepare and/or issue Olympia's certified financial statements (See Olympia's Rule 56.1 counterstatement, para. 4, Mr. Pinter's Rule 56.1 counterstatement, para. 4).

- - **Mr. Pinter did not provide any professional services for Olympia's loan servicing department.** (See Olympia's Rule 56.1 counterstatement, para. 6) (emphasis added).

- - **Mr. Pinter did not have any knowledge of the Code 59 loans while he was providing professional services to Olympia** (See Olympia's Rule 56.1 counterstatement, para. 7) (emphasis added).

- - Mr. Braun was Olympia's auditor and he was paid by Olympia to perform audit work (See Olympia's Rule 56.1 counterstatement, para. 8).

Olympia also shifts its theory of liability against Mr. Pinter away from the "Code 59" loans to the non-"Code 59" transactions. However, Olympia's fatally flawed arguments still fail. The simple fact that Olympia engaged Mr. Braun and not Mr. Pinter as its outside auditor and that Mr. Braun and not Mr. Pinter issued Olympia's certified financial statement upon which Fannie Mae allegedly reasonably relied cannot be refuted. Olympia's effort to assign Mr. Pinter with the duties of an outside auditor are as defective as Fannie Mae's efforts.

In opposition Olympia has offered no competent evidence to establish that Mr. Pinter's alleged limited awareness of the non-"Code 59" transactions was the proximate cause of any damage Olympia allegedly suffered related to its relationship with Fannie Mae or any other

entity or person. Since Olympia can still not make out the necessary element of proximate cause to sustain its accounting malpractice claim against Mr. Pinter this Court should dismiss the 9th cause of action in the cross claim with prejudice as against Mr. Pinter.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that the instant motion be granted in its entirety, that Fannie Mae's request for summary judgment be denied in its entirety and that Fannie Mae's motion for summary judgment on Mr. Pinter's claim to set off premised on the Consent Decree be denied in its entirety together with such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       December 8, 2008

Respectfully submitted,

/s/ _____
MICHAEL P. LYNCH
ML (8282)
MARTIN CLEARWATER & BELL LLP
Attorneys for Defendant
MARCUS PINTER
220 East 42nd Street
New York, New York 10017
(212) 697-3122

## CERTIFICATION

**MICHAEL F. LYNCH, ESQ.**, an attorney duly admitted to practice before this Court, and a member of the firm of MARTIN CLEARWATER BELL LLP, attorney of record for the defendant MARCUS PINTER, an individual, hereby declares the following under the penalties of perjury.

A complete copy of this DECLARATION in reply and in opposition was electronically filed with the Court on December 8, 2008.

By: /s/ _____
MICHAEL F. LYNCH (ML 8282)

13