UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                        Plaintiff,

   - against -

OLYMPIA MORTGAGE CORPORATION,
et al.,

                        Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 8 - 2010 ★
BROOKLYN OFFICE

MEMORANDUM AND ORDER

04 CV 4971 (NG) (MDG)

**GERSHON, United States District Judge:**

Defendant-cross-claim-defendant Marcus Pinter ("defendant") has moved for summary judgment against plaintiff Federal National Mortgage Association ("Fannie Mae") on Fannie Mae's claim for aiding and abetting fraud and against defendant-cross-claim-plaintiff Olympia Mortgage Corporation ("Olympia") on Olympia's claim for accounting malpractice. In response, Fannie Mae has asked this court to search the record and grant summary judgment in its favor on its claim of aiding and abetting fraud.[1]

With respect to Olympia's claim, issues of material fact remain with respect to whether defendant's conduct violated the applicable professional standard. Therefore, defendant's motion for summary judgment is denied.

With respect to Fannie Mae's claim, defendant's effort to cast Fannie Mae's claim against him as one for accounting malpractice is rejected. Fannie Mae's claim is one for aiding and abetting fraud. As for that claim, the court notes that the parties have treated the scienter aspect of the standard under New York law for liability on an aiding and abetting fraud claim as

---

[1] Olympia has not sought summary judgment.

1

"reckless disregard." In fact, "actual knowledge is required to impose liability on an aider and abettor under New York law." *Lerner v. Fleet Street Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006); *Wight v. BankAmerica Corp.*, 219 F.3d 79, 91 (2d Cir. 2000); *Kolbeck v. Lit America, Inc.*, 939 F. Supp. 240, 246 (S.D.N.Y. 1996); *Houbigant, Inc. v. Deloitte & Touche LLP*, 303 A.D. 2d 92, 98 (1st Dep't 2003). The requirement of actual knowledge may be satisfied if the defendant engaged in "conscious avoidance," a "culpable state of mind" in which "he...suspected a fact and realized its probability, but refrained from confirming it in order later to be able to deny knowledge." *Fraternity Fund Ltd. v. Beacon Hill Management, LLC*, 479 F. Supp. 2d 349, 368 (S.D.N.Y. 2007); *see Oster v. Kirschner*, N.Y.L.J. July 7, 2010 at 40 (1st Dep't July 6, 2010) ("This Court cannot and will not endorse...a 'see no evil, hear no evil' approach"). The court finds that material issues of fact remain as to the question of defendant's knowledge and therefore denies summary judgment both to defendant and to Fannie Mae.

Finally, defendant has requested permission to amend his answer to assert an affirmative defense of set-off. This request is denied as futile. New York General Obligations Law § 15-108 "only applies to settlements of tort claims." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 2001 WL 492356 at *3 (S.D.N.Y. May 9, 2001). Although Fannie Mae has settled a contract claim against Olympia, that settlement explicitly provided that it did not apply to any other claims, including Fannie Mae's tort claims. *See Bank Brussels Lambert* at *3.

SO ORDERED.

/s/ Nina Gershon
_____
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
       July 7, 2010