UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                     Plaintiff,

  - against -

OLYMPIA MORTGAGE CORPORATION,
et al.,

                     Defendants.
-------------------------------------------------------------x
OLYMPIA MORTGAGE CORPORATION,
et al.,

                     Crossclaim Plaintiff,

  - against -

LEIB PINTER, et al.,

                     Crossclaim Defendants.
-------------------------------------------------------------x

ORDER
04-CV-4971 (NG)(MDG)

**GERSHON, United States District Judge:**

    Plaintiff Federal National Mortgage Association ("Fannie Mae") seeks partial summary judgment against Kahal Shomrei Hadath ("KSH") on its claim under New York Debtor and Creditor Law § 273 ("the constructive fraud claim"). In a decision dated June 8, 2011, I granted summary judgment to Olympia Mortgage Corp. ("Olympia") on its identical claim against KSH. *Fannie Mae v. Olympia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 63669 (E.D.N.Y. 2011). That decision recites the law applicable to this motion, which will not be repeated. On this motion, as on the earlier motion, KSH does not dispute that transfers amounting to $2,044,876 were made to KSH by Olympia and makes no claim that KSH provided consideration for the transfers. Once again,

however, KSH argues that summary judgment should be denied because: 1) the transfers were made for fair consideration, in that all of the money transferred was money to which Samuel Pinter was entitled, and that he had the right to assign it to KSH; and 2) Olympia has not sufficiently proved the insolvency of Olympia during the relevant time period.

**Lack of Fair Consideration.** To show fair consideration, KSH relies upon an affidavit of Samuel Pinter, dated April 18, 2012, which is substantially similar to the affidavit he filed on the prior motion. As on the earlier motion, Pinter claims that the transfers to KSH were repayments of loans which he had made to Olympia. However, as described in detail in the decision of June 8, 2011, the undisputed evidence establishes that no such loans were made by Samuel Pinter to Olympia; nor is there anything in the record other than Pinter's affidavit which provides proof of the existence of an arrangement under which purported loans made by Pinter were to be repaid to KSH. *Id.* at *18-20, 32. For the same reasons as stated in the June 8, 2011 decision, I conclude that Fannie Mae has established the lack of fair consideration for the transfers to KSH.

**Insolvency of Olympia.** KSH argues that Fannie Mae has not proved the insolvency of Olympia. It ignores that, where there is no fair consideration for the transfers, the law shifts the burden of proof to the transferee to prove solvency. *See id.* at *29-30. And, insofar as KSH merely repeats the arguments made on the earlier motion, I reject them for the reasons stated in my prior order. *Id.* at *30-31.

Two new arguments merit brief discussion. The first is that the value of the real property involved in *Balmer v. 1716 Realty LLC*, 2008 U.S. Dist. LEXIS 38113(E.D.N.Y. 2008), which I concluded belonged to Olympia, was not taken into account by the Receiver in finding Olympia insolvent. As the Receiver has explained, however, the value of the property, located at 1716 Coney

Island Avenue in Brooklyn, was far too low to alter the conclusion that Olympia was insolvent. *See* Decl. Karen Kincaid Balmer ("Balmer Decl.") ¶¶ 62-66, Dec. 8, 2008, ECF No. 518. KSH, which bears the burden of proof, offers no evidence whatsoever to challenge the evidence relied upon by Fannie Mae.

The second argument regarding insolvency is that the Receiver did not allocate sufficient value to the mortgage servicing rights that Olympia had by contract with Fannie Mae. Taking a snippet from the Receiver's May 23, 2008 "Analysis of Solvency–Report of Findings" (the "Report"), ECF No. 510, that ignores the Receiver's full findings, KSH argues that, because Olympia was a going concern during the period of alleged insolvency, the full value of the mortgage servicing rights should have been included as assets. In fact, according to the Report, the balances reported in Olympia's financial statements for the mortgage servicing rights varied from nearly $6,000,000 at the end of 1997 to over $12,000,000 at the end of October 2004. Report, pp. 20-21. The Receiver determined not to review in detail whether those numbers were accurate because Olympia had breached its servicing duties since at least 1997 and, had this breach become known prior to October 2004, "Olympia's entire servicing portfolio for outside investors would have been immediately seized and transferred to other servicers with no consideration due to Olympia. In fact, this is precisely what occurred in October 2004 upon discovery of the breach by Fannie Mae." Report, p. 21. The Report goes on to state that "[t]he discovery of Olympia's breach of servicing duties and resultant seizure of the servicing portfolio would have reduced Olympia's assets, and consequently deepened the extent of insolvency throughout the review period by amounts ranging from $5.9 million to $12.2 million."

It is clear then that the Receiver considered, in her Report, the value of the mortgage

3

servicing rights as reported by Olympia. Assuming that, as KSH argues, the mortgage servicing rights continued to have value even while Olympia was in breach, KSH offers no facts to suggest that the values provided by Olympia were inaccurate or that whatever value they had would have made Olympia solvent. Samuel Pinter's affidavit of April 18, 2012, offers his belief that the servicing portfolio was worth $7.5 million, but offers no proof of that. In any event, it does not contradict the Receiver's Report. *See also Fannie Mae v. Olympia Mortgage Corp.*, 2010 U.S. Dist. LEXIS 78833 (E.D.N.Y. 2010), where I rejected Leib Pinter's claim that the value of the portfolio of servicing rights which Fannie Mae reassumed upon learning of the fraud at Olympia, should be treated as an offset to Fannie Mae's damages; furthermore, I noted that Fannie Mae, upon a breach of contract by Olympia, was entitled by contract to the rights to the servicing portfolio without compensation to Olympia. *Id.* at *12.

In sum, KSH, which bears the burden of proof on this issue, has proffered no evidence that Olympia was solvent.

## CONCLUSION

For the reasons stated above, Fannie Mae's motion for partial summary judgment against KSH is GRANTED on its constructive fraud claim under New York Debtor and Creditor Law § 273. Olympia is awarded damages of $2,044,876 with statutory prejudgment interest to run from September 4, 2001 on $1,892,376 of the total, and to run from November 30, 1998 on $152,500 of the total.

s/NG

**NINA GERSHON**
**United States District Judge**

Dated: July 3, 2012
Brooklyn, New York