UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                Plaintiff,

- against -

OLYMPIA MORTGAGE CORPORATION,
et al.,

                Defendants.
----------------------------------------------------x
OLYMPIA MORTGAGE CORPORATION,
et al.,

                Crossclaim Plaintiff,

- against -

Leib Pinter, et al.,

                Crossclaim Defendants.
----------------------------------------------------x

OPINION & ORDER
04-CV-4971 (NG)(MDG)

GERSHON, United States District Judge:

Plaintiff Federal National Mortgage Association ("Fannie Mae") seeks partial summary judgment against Samuel Pinter ("Pinter") on its claim of constructive fraud under New York Debtor and Creditor Law § 273. In a previous opinion, the court, after a lengthy and detailed discussion, granted Fannie Mae's motion to pierce Olympia Mortgage Corporations's ("Olympia") corporate veil and hold Samuel Pinter personally responsible for Olympia's liabilities to Fannie Mae. *Federal Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*, 724 F.Supp.2d 308 (E.D.N.Y. 2010). The court subsequently granted Olympia's motion to pierce its own corporate veil and hold Samuel Pinter responsible for its liabilities. *Federal Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*, 04-CV-4971, 2011 WL 2414685 (E.D.N.Y. Jun. 8, 2011).

Fannie Mae now seeks to recover $853,790.34 in transfers made by Olympia from which Pinter has benefitted. Under § 273, "if a conveyance is made without fair consideration and the transferor is a debtor who is insolvent or will be rendered insolvent by the transfer, the conveyance is deemed constructively fraudulent." *Capital Distrib. Servs., Ltd. v. Ducor Express Airlines, Inc.*, 440 F.Supp.2d 195, 203 (E.D.N.Y.2006); *Zanani v. Meisels*, 78 A.D.3d 823 (2d Dep't 2010). Therefore, in order to succeed under § 273, Fannie Mae must show (1) that Olympia transferred money; (2) that the money was transferred while Olympia was insolvent or that the transfers rendered Olympia insolvent; and (3) that the transfers were not made in exchange for fair consideration. *See In re Sharp Inter. Corp.*, 403 F.3d 43, 53 (2d Cir. 2005). "A fraudulent conveyance claim seeking to recover money damages can only be maintained against a person who participates in the fraudulent transfer as either the transferee of the assets or the beneficiary of the conveyance." *Fundacion Presidente Allende v. Banco de Chile*, 2006 WL 2796793 at *3 (S.D.N.Y. May 29, 2006) (*citing Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1172 (2d Cir. 1993)(other citations omitted)); *see also In re Shore to Shore Realty Inc.*, No. 8–08–72760, 2011 WL 350526 (Bankr. E.D.N.Y. Feb. 1, 2011); *Cf. Sullivan v. Kodsi*, 373 F.Supp.2d 302 (S.D.N.Y. 2005) (as discussed in *Federal Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*, 2006 WL 2802092 at *10 (E.D.N.Y. Sept. 28, 2006), distinguishing *Sullivan* on the ground that the transferees in *Sullivan* were not participants because they received the fraudulent transfers passively via a trust managed by two successive trustees).

Pinter does not dispute that Olympia made the transfers for his benefit or that Olympia was insolvent at the time the transfers in question occurred. Olympia was insolvent at least from December 31, 1997, and possibly for its entire existence. *Federal Nat. Mortg. Ass'n v. Olympia*

*Mortg. Corp.*, 792 F.Supp.2d 645, 648 (E.D.N.Y. 2011). He also does not dispute that he gave no fair consideration in exchange for the transfers.

Pinter's only objection to this motion is that Fannie Mae lacks standing to bring this action against him because Fannie Mae is not "a creditor of the transferor of the alleged fraudulent conveyance," as defined in N.Y. Debt. & Cred. Law §§ 270-281. Pinter argues that Fannie Mae is not his creditor, and that Olympia, and not he, made all the transfers. New York Debtor and Creditor Law, however, is clear that the plaintiff, Fannie Mae in this instance, must be a creditor of the transferor. *See Scholes v. Lehmann*, 56 F.3d 750 (7th Cir.1995). Here, the transferor is Olympia, not Pinter, and there is no dispute that Fannie Mae is a creditor of Olympia and Pinter is the beneficiary of those transfers.

In any event, by piercing the corporate veil between Pinter and Olympia, Pinter has become personally liable for Olympia's debts, *Federal Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*, 724 F.Supp.2d 308 (E.D.N.Y. 2010), and thus Fannie Mae is Pinter's creditor. *UBS Securities LLC v. Highland Capital Management, L.P.*, 924 N.Y.S.2d 312, 2011 N.Y. Slip Op. 50297 (U) (N.Y. Sup. Ct. N.Y. Cnty. Mar. 1, 2011), *aff'd as modified*, 93 A.D.3d 489 (1st Dept. 2012).

Summary judgment is therefore granted to Fannie Mae on its constructive fraud claim against Samuel Pinter in the amount of $853,790.34.

Olympia requests prejudgment interest pursuant to N.Y. C.P.L.R. § 5001(a). "Where ... damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *See* N.Y. C.P.L.R. § 5001(b); *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83 (2d Cir. 1998) ("New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based

upon the date when damages were incurred or 'a single reasonable intermediate date,' which can be used to simplify the calculation."). Based on this provision, Fannie Mae asks the court to award interest starting on July 1, 2000, the date halfway between the first and last fraudulent transfer. The court finds July 1, 2000 to be a reasonable intermediate date on which to begin calculating interest on the transfers from which Sam benefitted.

SO ORDERED.

s/Nina Gershon
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
October 22 , 2012